[Civ. No. 4623. Fourth Dist. Apr. 22, 1953.]

LETTA B. HUGHES, Appellant, v. JOHN ROBERT WARDWELL et al., Defendants; J. H. MAURER, Respondent.

Morris B. Chain for Appellant.

Arthur C. Fisher and Mack, Bianco & King for Respondent.

BARNARD, P. J.—This is an action for damages arising from an automobile collision. The amended complaint named three defendants, and contained five causes of action. The court overruled a demurrer as to the first two defendants, and sustained the demurrer of the defendant Maurer without leave to amend. This appeal is from a judgment dismissing the action as to him.

The first cause of action alleges that on January 12, 1952, plaintiff's husband was driving an automobile along a street in Bakersfield; that at the same time and place the defendant Wardwell "was the owner and operator of a 1951 Ford Sedan automobile and was driving in a southerly direction along and upon" another street; that at a point where these streets intersect, the defendant Wardwell so carelessly and negli-

gently operated, managed and controlled the said Ford car as to cause it to collide violently with the automobile being driven by plaintiff's husband; that as a proximate result of said negligence and carelessness of defendant Wardwell plaintiff's husband received injuries which resulted in his death on the next day; and that as a result of the carelessness and negligence of the defendant Wardwell the plaintiff has been damaged in specified amounts.

In a second cause of action all of the allegations of the first cause are repeated and realleged, and it is further alleged that at the time in question the defendant Sumalt was the driver of this 1951 Ford sedan, and that she was driving under the management and control and in the presence of the defendant Wardwell, the owner of said Ford car. The third and fourth causes of action repeat all of the allegations of the first and second causes, and further allege that at the time in question the defendant Sumalt was the agent of the defendant Wardwell, and was driving this Ford car with his permission.

In a fifth cause of action all of the allegations of the first cause of action are repeated and realleged, and it is further alleged, on information and belief, that defendant Wardwell is 15 years old, is the grandson of defendant Maurer and resides with him, and "is under the physical custody and control of said J. H. Maurer"; that on December 22, 1951, defendant Maurer "purchased and paid for one 1951 Ford sedan automobile" and knowingly permitted it to be registered in the name of defendant Wardwell for the purpose of avoiding liability for any negligent acts of said Wardwell; that Maurer furnished funds to Wardwell for the purchase of gasoline and oil for said vehicle; that Maurer knew that Wardwell was a reckless and careless driver and utterly incompetent to operate said vehicle; that Maurer negligently permitted Wardwell to drive and operate said automobile upon the highway; and that Maurer knew that Wardwell was not competent to operate said vehicle, and that he was not licensed to drive or operate an automobile.

The appellant contends that the allegations of the fifth cause of action are sufficient to state a cause of action against the respondent Maurer under the provisions of subdivision (b) of section 352 of the Vehicle Code; and also that these allegations are sufficient to state a cause of action for negligence against this respondent, without reference to any specific code section. It is argued that the allegations that Maurer

purchased the vehicle and permitted it to be registered in the name of Wardwell, knowing that he was a reckless and careless driver and not licensed to drive, were sufficient to bring this case within the rule announced in *McCalla* v. *Grosse,* 42 Cal.App.2d 546 [109 P.2d 358], "that one who knowingly permits an unfit driver to use his automobile is liable for damages caused by the negligent acts of the unfit driver in the operation of the car." It is also argued that the allegations of uncertainty set forth in the demurrer are not well taken since any further facts relating to the nature of Maurer's custody over Wardwell would be either surplusage or not ultimate facts, depending upon the theory of liability which is ultimately accepted.

The respondent contends that no cause of action is stated against him since it is not alleged that he was the owner of this car, but on the contrary it is directly alleged that Wardwell was the owner; that the allegations are not sufficient to show that he had legal custody of the defendant Wardwell, citing *Hathaway* v. *Siskiyou Union High School Dist.,* 66 Cal.App.2d 103 [151 P.2d 861], in which it was held that the person having custody of a minor, within the meaning of subdivision (b) of section 352, means a person having the permanent legal custody and not one whose control is limited in time and scope; and that no liability appears since it is alleged in the second, third and fourth causes of action that Wardwell was not driving the car.

While inconsistent causes of action are set up in the amended complaint, that fact is immaterial here. Regardless of any other causes of action, the question here is as to whether or not a cause of action against this respondent is stated. It is expressly alleged that the minor and not the respondent was the owner of the car, and it seems clear that the allegations are not sufficient to show any liability based upon the respondent's ownership of this car. A different situation existed in the case of *McCalla* v. *Grosse, supra,* which involved a person driving a car with the permission of the owner. It was there held that the allegations were sufficient to bring the case within the provisions of section 402 of the Vehicle Code. By way of dicta, it was further stated that allegations similar to those here involved, charging an owner with negligence, were sufficient to bring the case within the rule that an owner who knowingly permits an unfit driver to use the owner's car is liable for the negligence of the unfit driver

in the use of that car. This was merely a statement of the statutory rule first applied.

We think, however, the allegations are sufficient to state a cause of action based on the theory that the respondent had custody and control of the minor defendant, within the meaning of subdivision (b) of section 352 of the Vehicle Code, and that he improperly exercised such control. That section imputes the negligence of a minor who drives with the permission of ''the parents or the person or guardian having custody of the minor'' to ''such parents or such person or guardian.'' In the Hathaway case, relied on by the respondent, it was held that the limited custody of a schoolmaster was not within the intended scope of this statute. The situation disclosed by the complaint here is considerably different, it being alleged that the minor grandson of the respondent resides with him, and is under his ''physical custody and control.'' The real intent of this statute, in imputing such negligence, is to impose liability on another because of that person's right to control the actions of the minor.

While the complaint here is not as definite as might be desired, with respect to the matter of custody, it alleges a kind of custody and certain facts which normally indicate a considerable right of control. Whether or not a sufficient custody existed, within the meaning of the statute, might well depend upon evidence of specific facts showing the nature, kind and extent of the custody and right of control which the respondent actually had. Apparently, the mother of the minor was living, as she was appointed guardian ad litem in this case. Whether she had some sort of custody of the minor, and whether she was also residing with the respondent, does not appear. The allegations were sufficient to raise an issue of fact, and to state a cause of action against the respondent, based upon section 352(b) of the Vehicle Code.

The judgment is reversed, with directions to allow the respondent a reasonable time in which to answer.

Griffin, J., and Mussell, J., concurred.