[No. C000242. Third Dist. Oct. 28, 1988.]

JOAN ELAINE OSBORN, an Incompetent Person, etc., Plaintiff and Appellant, v.

HERTZ CORPORATION, Defendant and Respondent.

**COUNSEL**

Farella, Braun & Martel, Gary S. Anderson, Stephen E. Cone, Mary E. McCutcheon and Brett Herr for Plaintiff and Appellant.

Matheny, Poidmore & Sears, Douglas A. Sears, Laura L. Taylor and Michael A. Bishop for Defendant and Respondent.

## OPINION

**SIMS, J.**—In this case, we hold that a car rental company is not liable for injuries caused by a drunk driver who had rented a car while sober by presenting a valid driver's license.

The drunk driver is Dennis Ege. In the early morning hours of July 18, 1981, plaintiff Joan Elaine Osborn[1] was on a date with Ege when he drove the car in which they were riding into a tree, causing plaintiff serious injuries. Defendant The Hertz Corporation (Hertz) had earlier rented the car to Ege.

Before the accident Ege would drink alcohol about once a month, but on those occasions he would get "pretty inebriated." He wondered if he was an alcoholic. After the accident he concluded he was.

Plaintiff contends defendant Hertz negligently entrusted the car to Ege even though Ege was sober and presented a valid California driver's license when he rented the car from defendant. Plaintiff asserts defendant was negligent for failing to investigate further Ege's qualification to drive. Plaintiff argues, among other things, that had defendant conducted such an investigation, it would have discovered that Ege had been twice convicted of drunk driving (the most recent conviction having occurred some seven years earlier) and that Ege's driver's license had been suspended for six months as a consequence.

We conclude defendant was not negligent as a matter of law. We therefore affirm the trial court's entry of summary judgment in favor of defendant.

### PROCEDURAL HISTORY

Plaintiff's original complaint alleged in pertinent part that Ege "was incompetent, reckless, and unfit to safely operate an automobile on the public streets and highways. [¶] . . . At the time [defendant] supplied and entrusted the automobile to [Ege, it] knew, or in the exercise of reasonable care should have known, that [Ege] was an incompetent, reckless and unfit driver and would create an unreasonable risk of danger to persons and property riding with him or on the public streets and highways."

Defendant answered.

---

[1] Plaintiff sues by and through her guardian ad litem Kathryn E. Ashpole.

Following discovery, plaintiff moved to amend her complaint. Plaintiff's proposed complaint stated four causes of action. The first was against Ege for negligence. The second was against defendant for negligent entrustment and stated essentially the same claim as the original complaint. The third alleged defendant was negligent for failing to ascertain that Ege was a responsible driver and for failing to warn Ege of the dangers of driving its automobile while under the influence. The fourth alleged defendant intentionally inflicted bodily injury by deliberately failing to screen out potential customers who are likely to drink while driving.

The trial court denied plaintiff's motion for leave to amend, concluding: "a. There is no duty on an automobile rental agency to warn a customer of the obvious dangers of driving while under the influence of alcohol or other drugs; and [¶] b. Plaintiff fails to allege sufficient facts to state a cause of action for willful misconduct."

Defendant then moved for summary judgment on the negligent entrustment claim of plaintiff's original complaint relying on uncontradicted excerpts from Ege's deposition establishing he had not been drinking on the day he rented the car and had presented defendant with a valid driver's license. Defendant reasoned it did not know, nor should it have known, that Ege was incompetent or unfit to drive.

In her opposition plaintiff claimed the question whether defendant knew or should have known of Ege's unfitness was a question for the trier of fact.

The trial court granted the motion, finding defendant had shown the complaint had no merit with respect to the negligent entrustment claim. Judgment was entered for defendant and plaintiff appeals, contending the trial court erred in denying her motion to amend her complaint and in entering summary judgment.[2]

---

[2] At oral argument plaintiff contended the judgment must be reversed because the trial court wrongfully denied plaintiff discovery. Although plaintiff's brief mentions a denial of discovery, neither the requested discovery nor the circumstances of its denial are described with particularity. Nor are *any* legal authorities cited supporting plaintiff's assertion that discovery was wrongfully denied. Rather, plaintiff's brief candidly states that "the issues to be determined on this appeal are as follows:

"I. Given the public policy in favor of preventing the serious consequences of drunk driving and the highly foreseeable risk involved in Hertz' deliberate policy of taking no measures to prevent, deter or warn customers from drinking and driving, did the Superior Court err in holding that Hertz owed no duty to the general public, including Appellant, to take any measures to reduce the risk of its customers drinking and then driving?

"II. Did the Superior Court err in denying Osborn's motion to amend her Complaint to expand her cause of action for negligence and state a cause of action for intentional infliction of bodily injury, effectively preventing her from proving that Hertz knew that a certain

DISCUSSION

I

*The Trial Court Properly Entered Summary Judgment for Defendant on Plaintiff's Negligent Entrustment Claim.*

We first consider plaintiff's claim the trial court erroneously granted summary judgment on her claim for negligent entrustment.

The standard of review of summary judgments is well established. "The summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution. [Citation.] Summary judgment is properly granted only when the evidence in support of the moving party establishes that there is no issue of fact to be tried. [Citations.] [¶] 'The moving party bears the burden of furnishing supporting documents that establish that the claims of the adverse party are entirely without merit on any legal theory.' [Citation.] 'The affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion.' [Citation.]. '. . . [I]ssue finding rather than issue determination is the pivot upon which the summary judgment law turns.' [Citation.]" (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35-36 [210 Cal.Rptr. 762, 694 P.2d 1134].)

Plaintiff's complaint alleged a claim of negligent entrustment. "It is generally recognized that one who places or entrusts his [or her] motor vehicle in the hands of one whom he [or she] knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver, provided the plaintiff can establish that the injury complained of was proximately caused by the driver's disqualification, incompetency, inexperience or recklessness . . . . [¶] 'Liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known or should have been known to the owner.'

number of its drivers would drink and drive, yet deliberately failed to take any steps to reduce the risk of drunken driving?"

In the absence of a coherent argument in her brief describing the discovery and the circumstances of its denial, and citing legal authorities, the discovery contention is waived. (See rule 15(a), Cal. Rules of Court; *Estate of Randall* (1924) 194 Cal. 725, 728 [230 P. 445]; *Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, p. 469.)

[Citations.] [¶] Under the theory of 'negligent entrustment,' liability is imposed on vehicle owner or permitter because of his [or her] own independent negligence and not the negligence of the driver, in the event plaintiff can prove that the injury or death resulting therefrom was proximately caused by the driver's incompetency." (*Syah* v. *Johnson* (1966) 247 Cal.App.2d 534, 539 [55 Cal.Rptr. 741]; see *Talbott* v. *Csakany* (1988) 199 Cal.App.3d 700 [245 Cal.Rptr. 136]; *Mettelka* v. *Superior Court* (1985) 173 Cal.App.3d 1245 [219 Cal.Rptr. 697]; *Allen* v. *Toledo* (1980) 109 Cal.App.3d 415 [167 Cal.Rptr. 270]; *Hartford Accident & Indemnity Co.* v. *Abdullah* (1979) 94 Cal.App.3d 81 [156 Cal.Rptr. 254]; *Jones* v. *Ayers* (1963) 212 Cal.App.2d 646 [28 Cal.Rptr. 223]; *Hughes* v. *Wardwell* (1953) 117 Cal.App.2d 406 [255 P.2d 881]; *Owens* v. *Carmichael's U-Drive Autos, Inc.* (1931) 116 Cal.App. 348 [2 P.2d 580]; *Rocca* v. *Steinmetz* (1923) 61 Cal.App. 102 [214 P. 257]; Annot., Liability Based on Entrusting Automobile to One Who Is Intoxicated or Known to Be Excessive User of Intoxicants (1968) 19 A.L.R.3d 1175.)

■ A rental car company may be held liable for negligently entrusting one of its cars to a customer. (*Owens* v. *Carmichael's U-Drive Autos, Inc.,* *supra,* 116 Cal.App. at p. 350; see Annot., Rental Agency's Liability For Negligent Entrustment of Vehicle (1977) 78 A.L.R.3d 1170.) ■ In determining whether defendant was negligent in entrusting its car to Ege, defendant's conduct is to be measured by what an ordinarily prudent person would do in similar circumstances (*Owens, supra,* at p. 350.)

Vehicle Code section 14608 prohibits a rental car agency from renting to unlicensed drivers.[3] (Further statutory references are to the Vehicle Code unless otherwise noted.) A rental car agency may therefore be liable for negligently entrusting a car to an unlicensed driver. (*Owens, supra,* at p. 352.) Other jurisdictions have sensibly recognized a rental car agency may be liable for negligently entrusting a car to a customer known to the agency to be intoxicated at the time of the rental. (See, e.g., *Pugmire Lincoln Mercury, Inc.* v. *Sorrells* (1977) 142 Ga.App. 444 [236 S.E.2d 113]; *Dixie Drive It Yourself Sys. Jackson Co.* v. *Matthews* (1951) 212 Miss. 190 [54 So.2d 263]; *Tolbert* v. *Jackson* (5th Cir. 1938) 99 F.2d 513; *Owensboro Undertaking & Livery Ass'n* v. *Henderson* (1938) 273 Ky. 112 [115 S.W.2d 563].)

However, these authorities do not aid plaintiff here. Excerpts from Ege's deposition, which were properly before the court on the motion for

---

[3] Vehicle Code section 14608 provides: "No person shall rent a motor vehicle to another unless: [¶] (a) The person to whom the vehicle is rented is licensed under this code or is a nonresident who is licensed under the laws of the state or country of his residence. [¶] (b) The person renting to another person has inspected the driver's license of the person to whom the vehicle is to be rented and compared the signature thereon with the signature of such person written in his presence."

summary judgment, established without contradiction that he showed defendant a valid driver's license and had not been drinking before renting the car. Thus, it is undisputed Ege gave defendant no clue that he was then unfit to drive. There is no triable issue whether defendant knew of Ege's unfitness. (See Code Civ. Proc., § 437c, subd. (c).)

Plaintiff claims defendant *should have* known of Ege's unfitness. Because Ege did not appear to be unfit, plaintiff argues defendant should have asked him: (1) whether he had a record of driving under the influence; (2) whether he had ever had his license suspended or revoked for drunk driving (see §§ 13101, 13102);[4] (3) whether he had ever been refused automobile insurance; and (4) whether he intended to drive under the influence. Plaintiff claims defendant's entrusting the car to Ege without asking these questions was negligent. We have been cited no case from any jurisdiction supporting plaintiff's theory of liability nor are we aware of any. (See Annot., Rental Agency's Liability for Negligent Entrustment of Vehicle, *op. cit. supra*, 78 A.L.R.3d 1170.) Moreover, for reasons that follow, we conclude defendant's failure to ask these questions was not negligent as a matter of law.

We take it as obvious that an ordinarily prudent car rental agency is not obligated to ask its customers for information that has no useful purpose. Although plaintiff vigorously asserts defendant should have asked the described questions, she is exceedingly coy about what defendant was supposed to do had Ege supplied any affirmative answers. Suppose, for example, Ege had informed defendant about his prior drunk driving convictions. Would defendant have been negligent in renting to Ege in light of this knowledge? We think not.

■ By its enactment of various provisions of the Vehicle Code, the Legislature has carefully delineated, according to the seriousness of the offenses, the disabilities that are to be suffered by those convicted of drunk driving. (See §§ 23152-23217.) As relevant here, these disabilities include suspension or revocation of a driver's license for various periods of time. (See § 13352.) Under this statutory scheme, neither a prior record of drunk driving nor a past refusal of insurance nor a prior suspension or revocation

---

[4] Section 13101 provides: "When used in reference to a driver's license, 'revocation' means that the person's privilege to drive a motor vehicle is terminated and a new driver's license may be obtained after the period of revocation."

Section 13102 provides: "When used in reference to a driver's license, 'suspension' means that the person's privilege to drive a motor vehicle upon a highway is temporarily withdrawn. The department may, before terminating any suspension based upon a physical or mental condition of the licensee, require such examination of the licensee as deemed appropriate in relation to evidence of any condition which may affect the ability of the licensee to safely operate a motor vehicle."

of a driver's license disqualifies a citizen from owning or driving a vehicle provided the legal disability has been cured and the citizen holds a valid driver's license. (See §§ 13101, 13102, 13352.) Accordingly, plaintiff implicitly argues that the past legal transgressions of citizens, even though cured in the eyes of the Legislature, should disqualify them from renting cars.

However, we think this detailed statutory scheme reflects a careful balance struck by the Legislature between the dangers of drunk driving and the recognition that driving a car may be "essential in the pursuit of a livelihood." (*Bell* v. *Burson* (1971) 402 U.S. 535, 539 [29 L.Ed.2d 90, 94, 91 S.Ct. 1586]; *Rios* v. *Cozens* (1972) 7 Cal.3d 792, 796 [103 Cal.Rptr. 299, 499 P.2d 979].) We see no reason to disturb this carefully considered balance.

Plaintiff contends car rentals involve an especially high degree of risk to the public. Specifically, plaintiff asserts (1) rental cars tend to be unfamiliar cars and are often used in unfamiliar locations; (2) rental cars tend to be used for business or travel where the driver is away from home and "finds company in alcohol-related situations"; and (3) people commonly perceive they have no financial responsibility for rental cars.

However, in this instance, we think that the veracity of these assertions, and whether the drivers of rental cars should be treated differently from other drivers, are matters properly resolved on the other side of Tenth Street, in the halls of the Legislature. The practical effect of plaintiff's proposed rule would be to make it impossible for anyone previously convicted of drunk driving, or whose license was once suspended, from renting a car. However, rental cars play an indispensable role in contemporary American business. The proposed rule would impose a severe hardship on countless responsible citizens who were once convicted of vehicle offenses and who depend on rental cars to do their jobs. If the past legal transgressions cited by plaintiff should disqualify citizens from driving rental cars, the Legislature should say so.[5] Absent such legal disqualification, defendant was entitled to rely upon Ege's valid driver's license as sufficient evidence of his ability to drive. (See § 14608.)

Plaintiff also suggests defendant should have asked Ege if he *intended* to drive under the influence. We presume plaintiff proposes this question in

---

[5] At oral argument, plaintiff also suggested defendant could have required Ege to purchase additional insurance as a condition of renting the car. However, insurance requirements for both Ege and defendant are the subject of statutory regulation. (See §§ 16020, 17150, 17151; *King* v. *Meese* (1987) 43 Cal.3d 1217, 1220-1221 [240 Cal.Rptr. 829, 743 P.2d 889].) Plaintiff has cited no case suggesting this court may exercise its common law powers to impose insurance requirements. Even assuming such power is available, we think this question, like the others discussed above, should be addressed to the Legislature.

good faith. However, we think this inquiry would be like asking Russian diplomats entering the United States whether they are spies. We do not think the question would produce any serious affirmative answers.

Since the questions proposed by plaintiff would not have yielded information useful to defendant's decision to rent its car to Ege, defendant was not negligent for having failed to ask the questions.

Plaintiff also contends defendant negligently entrusted its car to Ege because it failed to warn him not to drive while under the influence of alcohol. We disagree.

Once again, plaintiff cites no authority supporting any obligation to warn in the circumstances. Section 401 of the Restatement Second of the Law of Torts provides: "A seller of a chattel manufactured by a third person who knows or has reason to know that the chattel is, or is likely to be, dangerous when used by a person to whom it is delivered or for whose use it is supplied, or to others whom the seller should expect to share in or be endangered by its use, is subject to liability for bodily harm caused thereby to them if he fails to exercise reasonable care to inform them of the danger or otherwise to protect them against it." Presumably, plaintiff's argument is premised on this rule of law.

Even assuming without deciding a *lessor* has a duty to warn under section 401, defendant had no such duty here. Under the Restatement Second, "[A] seller is not required to warn with respect to products . . . when the danger, or potentiality of danger, is generally known and recognized." (Rest.2d Torts, *supra*, § 402A, com. j.; *In Bojouquez* v. *House of Toys, Inc.* (1976) 62 Cal.App.3d 930, 933-934 [133 Cal.Rptr. 483, 95 A.L.R.3d 386].) Since the dangers of drunk driving are generally known and recognized by sober people, defendant had no duty to give a redundant warning to Ege.

Finally, plaintiff contends defendant should have pointed out to Ege that if he had an accident, he was obligated under the rental agreement to indemnify defendant for any loss in excess of the insurance provided by the agreement. Again, plaintiff cites no authority in support of this assertion. We do not think defendant was negligent for failing to emphasize one aspect of Ege's numerous contractual duties.

██ "In general, the issue of a defendant's negligence presents a question of fact for the jury. [Citations.] A defendant's negligence may be determined as a matter of law only if reasonable jurors following the law could draw only one conclusion from the evidence presented. [Citation.]" (*Perez* v. *Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 971 [227 Cal.Rptr. 106, 719

P.2d 676].) However, in an appropriate case, a defendant's lack of negligence may be determined as a matter of law. (See *Richards* v. *Stanley* (1954) 43 Cal.2d 60, 66-67 [271 P.2d 23].) This is such a case. Defendant was not negligent for entrusting a car to a person lawfully qualified and apparently fit to rent and drive it. The trial court properly entered summary judgment for defendant. (Code Civ. Proc., § 437c, subd. (c).)

## II

*The Trial Court Properly Denied Plaintiff's Motion for Leave to Amend Her Complaint.*

We next consider plaintiff's contention the trial court should have granted her leave to amend her complaint to allege claims of negligence and intentional infliction of bodily injury.

Plaintiff's proposed third cause of action for negligence alleged defendant should have: (1) asked Ege essentially the same questions discussed above, and (2) warned Ege against driving its automobile while under the influence of alcohol. For reasons previously discussed, defendant was not obligated to do any of these things.

Plaintiff's proposed fourth cause of action for intentional infliction of bodily injury alleged defendant knew its failure to take precautions to keep its customers from driving under the influence had the probable dangerous consequence of endangering life and limb. Plaintiff alleged: "Despite Hertz's knowledge of the problem of carnage on the highways caused by drunk driving of private and rental automobiles, Hertz deliberately failed to take any steps calculated to lessen the threat posed to the public by potential drunk driver customers. Hertz's deliberate failure to implement a policy of screening out those potential customers who are likely to drink while driving displayed a conscious and malicious disregard for the safety of the class of potential victims of drunk driving, in which [plaintiff] is included."

Our Supreme Court has remarked, " '[W]illful misconduct implies the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard for its consequences.' [Citation.] 'If conduct is sufficiently lacking in consideration

for the rights of others, reckless, heedless to an extreme, and indifferent to the consequences it may impose, then, regardless of the actual state of the mind of the actor and his actual concern for the rights of others, we call it willful misconduct. . . .' [Citations.]" (*Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389, 402 [143 Cal.Rptr. 13, 572 P.2d 1155]; see *Williams* v. *Carr* (1968) 68 Cal.2d 579, 588-589 [68 Cal.Rptr. 305, 440 P.2d 505]; *Charpentier* v. *Von Geldern* (1987) 191 Cal.App.3d 101, 113 [236 Cal.Rptr. 233].)

 Plaintiff has furnished no authority, nor are we aware of any, holding that a supplier of an otherwise safe product[6] may be liable for intentional infliction of bodily injury simply because the supplier knows that, in any given year, a certain percentage of customers receiving the product will consume alcohol and, as a consequence, use the product to injure others. (See generally Prosser & Keeton, The Law of Torts (5th ed. 1985) § 8, pp. 33-37.) To the extent plaintiff suggests such a theory of liability, we reject it. Knowledge of inevitable misuse of a product by consumers of alcohol does not amount to an intent to injure. If a contrary rule were the law, then the suppliers of (among other things) baseball bats, hammers, lawnmowers and skis would be liable for acts wholly beyond their reasonable ability to control.

Hence, plaintiff's claim is hinged on its assertion defendant "decided not to take any steps" to screen out potential drunk drivers. However, the assertion overlooks the screening function played by a valid driver's license. As we have discussed, defendant acted reasonably in relying upon Ege's license as evidence of his qualification to drive. Since defendant reasonably relied on Ege's license as a screening device, defendant did not commit willful misconduct as a matter of law.

Since plaintiff's proposed amendment to her complaint failed to state a cause of action, leave to amend was properly denied. (*Vogel* v. *Thrifty Drug Co.* (1954) 43 Cal.2d 184, 189 [272 P.2d 1]; 5 Witkin, Cal. Procedure, *op. cit. supra*, Pleading, § 1125, p. 541.)

---

[6] In this case, we have no occasion to consider whether a rental car company may have a duty to supply rental cars with mechanical devices that allow a car to start only if the driver is sober. Plaintiff has never tendered such a theory. Moreover, we are satisfied such devices were not commercially feasible in 1981 when this accident occurred. (See Henry, *Passing Up One For the Road,* Changing Times (May 1987) pp. 112-113; *Drunkproofing Automobiles,* Time (Apr. 6, 1987) p. 37; Jones, *Breath Test Can Keep Car at Curb,* N.Y. Times (June 7, 1986) p. 34.)

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Carr, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 19, 1989.