SUAREZ, J.
The Appellant, Sandy Rivers, as Personal Representative and on behalf of the Estate of Bennie C. Rivers, Jr., appeals from an Order denying her motion to vacate the order granting Hertz Corporation’s (“Hertz”) Motion to Dismiss Second Amended Complaint with Prejudice as to Hertz only, and denying her leave to file a third amended complaint. We affirm.

Background

Bennie C. Rivers was killed in a car accident while a passenger in a 2008 Corvette Chevrolet rented and driven by Ap-pellee, William A. Walker, IV (“Walker”). According to the police report, a witness stated Walker collided with another vehicle after traveling fast and swerving through traffic. Unbeknownst to Hertz, the lessor of the vehicle, Walker’s driver’s license had been suspended from a speeding ticket he received in another state. The Appellant filed a wrongful death action against Hertz and sought recovery on the basis of negligence.
In her second amended complaint, the Appellant claimed Hertz had the affirmative duty to investigate and discover Walker’s suspended driver’s license. The trial court dismissed this complaint with prejudice based on the conclusion that section 822.38, Florida Statutes (2009), only required that Hertz inspect the license to verify the signature.[1] In Appellant’s proposed third amended complaint, she alleged only a general negligence claim and abandoned her statutory negligence claim as to duty, but maintained the statutory violation was evidence of proximate causation under common law negligence. The trial court rejected this argument and stated Appellant’s general negligence claim “bootstraps” onto section 322.38.

Duty

The threshold issue in this case is whether Hertz had a duty to perform a background check into the status of Walker’s driver’s license.
Under the Graves Amendment, 49 U.S.C. § 30106, if there is no negligence or criminal wrongdoing on the part of the owner of rental vehicles, the owner shall not be liable by reason of being the titleholder of the vehicle. See Vargas v. Enter. Leasing Co., 60 So.3d 1037, 1041-1042 (Fla.2011), cert. denied, — U.S. -, 132 S.Ct. 769, 181 L.Ed.2d 486 (2011). Duty is a question of law that “focuses on whether the defendant’s conduct foreseeably created a broader ‘zone of risk’ that poses a general threat of harm to others.” McCain v. Fla. Power Corp., 593 So.2d 500, 502 n. 2 (Fla.1992). Hertz was negligent if it failed to perform its duty under section 322.38. However, Hertz owed a duty of care beyond that imposed by section 322.38 if it “knew or should have known some reason why entrusting the *1080 [vehicle] to [Walker] was foolish or negligent.” Mullins v. Harrell, 490 So.2d 1338, 1340 (Fla. 5th DCA 1986). “If no legal duty exists, there can be no cause of action for negligence.” Rishel v. E. Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985).
Because there is no claim that Hertz failed to perform its statutory duty under section 322.38 to compare signatures, our analysis will focus on whether Hertz knew or should have known that Walker’s driver’s license was deficient.
The Appellant relies on Tellez v. Saban, 188 Ariz. 165, 933 P.2d 1233 (1996). Tellez is distinguishable from the present case because the lessor in that case had actual knowledge at the time of the rental that the driver did not possess a valid driver’s license. Id. at 1238-39. However, in this case, the Appellant failed to allege any facts that Hertz knew or should have known Walker was an unfit driver when he presented a facially valid driver’s license. Absent any facts to demonstrate Hertz had some knowledge of the deficient driver’s license, there can be no duty imposed upon Hertz to investigate and discover Walker’s suspended driver’s license. See Noris v. Silver, 701 So.2d 1238, 1241 (Fla. 3d DCA 1997) (affirming a dismissal for negligent referral because the plaintiff failed to allege that the defendant had knowledge of any facts that would indicate the lawyer would commit malpractice).[2],[3] Therefore, because the proposed third amended complaint failed to allege sufficient facts to show that Hertz had a duty under general common law negligence to investigate and discover Walker’s suspended driver’s license, the second amended complaint was properly dismissed with prejudice.

Proximate Cause

As to the issue of whether Hertz proximately caused the injury, the court in Jackson v. Hertz Corp., 590 So.2d 929, 931 n. 3 (Fla. 3d DCA 1990), explained that “[e]ven if Hertz had violated the terms of section 322.38(2), its failure to comply with *1081 this penal statute was not the proximate cause of the plaintiffs injury” because the lack of license did not make a driver unfit or incompetent to drive. The accident would have occurred whether or not Walker had a valid license in his possession at the time of the rental.

Conclusion

The trial court properly denied the Appellant’s motion to vacate the dismissal of her second amended complaint with prejudice, as to Hertz only. The proposed third amended complaint will not save the Appellant’s failure to state a cause of action in her second amended complaint. The third amended complaint continues to claim Hertz had a duty beyond that stated in section 322.38 without pleading facts to justify the imposition of a further duty to investigate and discover the suspended license. “Denial of a request to amend an amended complaint is not error when the complaint will not state a cause of action even if it includes the proffered amendment.” Wolfson v. Moye, 214 So.2d 629, 630 (Fla. 3d DCA 1968). The trial court’s denial of leave to file a third amended complaint was not an abuse of discretion and we affirm.

. Section 322.38, Florida Statutes (2009), states in pertinent part:
(1) No person shall rent a motor vehicle to any other person unless the latter person is then duly licensed, or if a nonresident he or she shall be licensed under the laws of the state or country of his or her residence, except a nonresident whose home state or country does not require that an operator be licensed.
(2) No person shall rent a motor vehicle to another until he or she has inspected the driver’s license of the person to whom the vehicle is to be rented, and compared and verified the signature thereon with the signature of such person written in his or her presence.

. See also Orlando v. FEI Hollywood, Inc., 898 So.2d 167, 169 (Fla. 4th DCA 2005) (concluding that because the plaintiff failed to establish that the defendant knew or should have known a third party posed a risk, defendant was not liable); Stander v. Dispoz-O-Products, Inc., 973 So.2d 603, 605 (Fla. 4th DCA 2008) ("In the absence of factual allegations as to why someone who hires an independent contractor to transport goods should conduct an investigation into the background, qualifications, or experience of the driver, there is no duty to third parties."); Dubose v. Transp. Enter. Leasing, LLC, 2009 WL 210724, at *5 (M.D.Fla. Jan.27, 2009) ("[T]here is no duty to investigate or determine an individual's competency to operate an automobile before making a sale or entering into a lease.”).

. Similarly, other jurisdictions reach the same conclusion. For example, Louisiana prescribes that "there is no duty on the part of a rental company to conduct a background check on a prospective renter who presents the rental company with an unexpired driver's license.” Cowan v. Jack, 922 So.2d 559, 565 (La.Ct.App.2005). In the California case of Osborn v. Hertz Corp., 205 Cal.App.3d 703, 252 Cal.Rptr. 613 (1988), the court held that a car rental company was not liable for injuries caused by a drunk driver who had rented a car while sober by presenting a valid driver’s license. It was undisputed the driver showed the rental company a valid driver's license and had not been drinking before renting the car. The court concluded "defendant [demonstrated] no clue that he was then unfit to drive,” and thus, the claim of negligent entrustment could not survive motion to dismiss and leave to amend was properly denied. Id.
Hertz has also cited to other jurisdictions that have made similar determinations: Cousin v. Enterprise Leasing Company-South Central, Inc., 948 So.2d 1287 (Miss.2007); Henderson v. Your Kar Express Rentals, Inc., 2009 WL 1900395, *3 (Del.Super.Ct.2009); Young v. U-Haul Co. of D.C., 11 A.3d 247, 248 (D.C.2011); and, DeRosa v. Evans, 2011 WL 5531045, *2 n. 2 (Conn.Super.Ct.2011).