Filed 5/9/16  Remaklus v. Moss CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LISA REMAKLUS, | B265231 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SS025358) |
| v. | |
| RICHARD MOSS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara K. Hammers, Judge Pro Tem.  Affirmed.

Richard Moss, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Richard Moss appeals from a restraining order issued against him under Code of Civil Procedure section 527.6,[1] and in favor of plaintiff and respondent Lisa Remaklus. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff requested the trial court issue a restraining order against defendant.[2] At the hearing on plaintiff's request, the trial court stated that it read plaintiff's "paperwork," and "attempted to read as much [of defendant's handwritten paperwork[3] as it] could." Defendant told the trial court that he does not type, and he could read the paperwork to the trial court "but the pictures almost say as much." The trial court stated that it looked at the pictures, and read the back of them.

Plaintiff testified defendant's harassing behavior has escalated over the last four years; defendant threatened her with a saw, and threatened to kill her several times. Plaintiff filed a "Peeping Tom" report against defendant. She observed defendant chasing a female resident in her building down a pathway; arguing with himself; and threatening "to kill people." Plaintiff testified that because of defendant's conduct, she fears for her life.

Jeffery Gund testified that on at least one occasion, defendant threatened to kill him. For approximately eight years, defendant has had loud outbreaks about once every one or two weeks. These loud outbreaks included "yelling at the top of his lungs, rantings . . .—most of [which were] nonsensical, many of them us[ing] four letter

---

[1]     All statutory citations are to the Code of Civil Procedure unless otherwise noted.

[2]     Plaintiff's request is not included in the record.

[3]     Defendant's opposition to plaintiff's request for a restraining order is not included in the record.

words[— using] violent language, talking about what's killing people, talking about f-ing this and f-ing that, and [saying that] they need to be punished and things like that." Gund said that numerous people in his and plaintiff's buildings stated that they have "very big concerns about [defendant's] behavior and concerns for their safety" and the safety of others.

Defendant denied ever blocking plaintiff's access to the laundry facility. He said, "I only say that it's been a total hassle. She does harass me. I'm not a real legal person. If people want to do that, I don't think I should hear them. And if I know, I stop hearing them. Every time she says I talk to her, it's false. Every time she says I threaten her with something, it's false. I'm just the tool, and if you read this right down the middle—I have this but it's so illegible—every time it's just somebody in their yard. The things she puts on that is totally vile. It's kill, threaten, they're naked. And who is supporting her? Some guy with his light up every day of the week and is campaigning in the building and he's saying I'm yelling. If he can—all they do is hear my voice and say I'm screaming. I always get hassled that way. It's a glitch—"

The trial court granted plaintiff's request for a restraining order, and pursuant to section 527.6, ordered defendant not to do any of the following things to plaintiff: "(1) Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of [plaintiff]. [¶] (2) Contact [plaintiff], either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means." The trial court also ordered defendant to stay at least 10 yards away from plaintiff and plaintiff's home, workplace, and vehicle. The restraining order expires on May 1, 2020.

3

**DISCUSSION**

## A. Applicable Law

"A person who has suffered harassment as defined [by statute] may seek a temporary restraining order and an order after hearing prohibiting harassment . . . ." (§ 527.6, subd. (a)(1).) "'Harassment' is [defined as] unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i).) The order "may have a duration of not more than five years." (§ 527.6, subd. (j)(1).)

## B. Analysis

"[B]ecause it is not a reviewing court's role to construct theories or arguments which would undermine the judgment [citation], we consider only those theories advanced in the appellant's briefs." (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 564.) The judgment is presumed correct on appeal, and it is the burden of the party challenging it, whether represented by counsel or self-represented, to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.) Defendant's status as a self-represented litigant does not exempt him from the rules of appellate procedure or lessen his burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) We are required to treat self-represented litigants as any other party, affording them "'the same, but no greater consideration than other litigants and attorneys. [Citation.]'" (*Ibid*, citing *Barton v. New United Motor Manufacturing, Inc*.

4

(1996) 43 Cal.App.4th 1200, 1210; accord *Bianco v. California Highway Patrol*, *supra*, 24 Cal.App.4th at pp. 1125-1126.)

Defendant has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Defendant has failed to carry his burden. As previously noted, the record does not include a copy of plaintiff's request that trial court issue a restraining order against defendant, or defendant's opposition. Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff. (*Id*. at pp. 1295-1296.) "By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him. [Citation.]" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Without plaintiff's request for a restraining order, and defendant's opposition, we cannot review the matter for error.

In addition, defendant's 31-page opening brief does not comply with the rules of appellate procedure. Each appellate brief must "support each point by argument and, if possible, by citation of authority; and [¶] Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) It is well established that failure to present argument with references to the record and citation to legal authority results in a forfeiture of any contention that could have been raised on appeal. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37; *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246-1247; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239-1240, fn. 16; and *Osborn v. Hertz Corp*. (1988) 205 Cal.App.3d 703, 707.) An appellant's failure to articulate intelligible legal argument in the opening brief may be deemed an abandonment of the appeal justifying dismissal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117, 1119).

Defendant's opening brief consists of a collection of rambling, unfocused, and unintelligible arguments. Many of the arguments are not supported by a reference to the record, and appear to reference matters that do not appear in the record. Defendant has failed to present a clear, reasoned argument as to why his appeal mandates reversal. We

5

understand the difficulties encountered by those not represented by counsel, but in light of the deficiencies that render defendant's opening brief unintelligible, we are required to conclude that he has forfeited any contentions he could have raised on appeal.

## DISPOSITION

The order is affirmed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

RAPHAEL, J.[*]

We concur:

TURNER, P. J.

BAKER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.