Filed 9/20/24  Montezpalos v. Star Rooter and Plumbing CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LUCIA ERENDIRA MONTEZPALOS,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>STAR ROOTER AND PLUMBING, INC.,<br><br>　　　Defendant and Respondent. | A168052<br><br>(Alameda County Super. Ct. No. HG21097341) |

In this personal injury action, plaintiff Lucia Erendira Montezpalos appeals after the trial court granted defendant Star Rooter and Plumbing, Inc.'s (Star Rooter) motion for summary judgment.  Montezpalos primarily contends that Star Rooter, as the party moving for summary judgment, failed to meet its burden to show its entitlement to judgment as a matter of law on her negligent entrustment cause of action.  Although Star Rooter is entitled to summary adjudication on Montezpalos's cause of action for statutory owner liability (Veh. Code, § 17150),[1] we otherwise agree with Montezpalos and reverse and remand for entry of a new order denying in part and granting in part the motion for summary adjudication.

---

[1] Undesignated statutory references are to the Vehicle Code.

1

## BACKGROUND

### A.

On April 25, 2019, Javier Figueroa Gutierrez was driving a truck owned by Star Rooter, on Interstate 880, when he looked down at his cell phone, failed to stop, and hit Montezpalos's vehicle. One of the owners of Star Rooter, Juan Coronado, gave Gutierrez (who was never an employee of Star Rooter) permission to drive the truck.

### B.

In April 2021, Montezpalos sued Gutierrez and Star Rooter. In her form complaint she checked boxes indicating that she was alleging "[m]otor [v]ehicle" and "[g]eneral [n]egligence" causes of action. With respect to her negligence cause of action, she alleged that Gutierrez and Star Rooter "negligently owned, maintained, controlled, operated, and/or otherwise entrusted Defendant's vehicle so that the same collided into another vehicle operated by [Montezpalos]. [Montezpalos] sustained major bodily injuries as a result of Defendant's negligence."

A year later, Montezpalos served an offer to compromise (Code Civ. Proc., § 998) for $100,000 on Gutierrez. Gutierrez timely accepted the offer. Montezpalos obtained a separate judgment against Gutierrez, who is not a party to this appeal.

Thereafter, Star Rooter moved for summary judgment, or in the alternative, summary adjudication. With respect to Montezpalos's negligent entrustment claim, Star Rooter argued that it was entitled to summary adjudication because there is no evidence that Gutierrez was unfit or incompetent to drive the truck much less any evidence that Star Rooter knew (or should have known) of Gutierrez's incompetence or unfitness. Star Rooter also argued that the settlement between Gutierrez and Montezpalos—in excess of $15,000—extinguished Star Rooter's statutory ownership liability under sections 17150 and 17151.

2

In support of its motion, Star Rooter offered a declaration from Coronado, who attested that he met Gutierrez through "the local rodeo community." Coronado further stated that, at the time of entrustment, he had never ridden in a vehicle that Gutierrez was driving, that before the accident Coronado had no knowledge of Gutierrez being involved in motor vehicle accidents, and that before the accident Coronado did not know of any incidents of Gutierrez driving while distracted. Coronado's declaration concludes: "When I gave . . . Gutierrez permission to use Star Rooter's dump truck, I had no reason to believe that [he] could not safely drive the Star Rooter truck."

Montezpalos opposed the motion. Although she admitted that the settlement with Gutierrez extinguished Star Rooter's statutory ownership liability under sections 17150 and 17151, she contended that the settlement did not extinguish Star Rooter's independent liability for negligent entrustment. As to that negligent entrustment cause of action, Montezpalos insisted that triable issues of fact remain because breach of the duty to inquire about a driver's valid license, pursuant to section 14604, subdivision (a), may be found to be constructive knowledge of incompetence.

In support, Montezpalos pointed to Coronado's deposition testimony, wherein he admitted that, before Gutierrez borrowed the truck, he did not ask to see Gutierrez's driver's license or ask him any questions about his driving history. She also presented evidence, again from Coronado's deposition, that before loaning the truck Coronado had only met Gutierrez on one occasion, at a rodeo, one month before the accident.

## C.

After a hearing, the trial court granted the motion for summary judgment. As relevant to the negligent entrustment claim, the court concluded that Star Rooter had met its burden to show that no reasonable jury could conclude Coronado had actual

3

or constructive knowledge of Gutierrez's incompetence or unfitness to drive.  The trial court also determined that Montezpalos failed to present any triable issue because there was no evidence that Gutierrez was in fact unlicensed or otherwise unfit to drive.  Furthermore, the court determined that Star Rooter's statutory owner's liability was extinguished by virtue of the settlement with Gutierrez.  Judgment was entered in Star Rooter's favor.

## DISCUSSION

### A.

Montezpalos contends that the trial court erred in granting summary judgment because Star Rooter did not meet its burden to demonstrate that her negligent entrustment cause of action fails as a matter of law.  She relies on the undisputed fact that Coronado failed to comply with his statutory duty to ask Gutierrez if he had a valid driver's license (§ 14604, subd. (a)).  After reviewing the trial court's order granting summary judgment de novo (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*)), we agree.

### 1.

A motion for summary judgment should be granted if the moving party meets its burden of persuasion and shows that there is no triable issue as to any material fact and that it is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); *Aguilar, supra,* 25 Cal.4th at p. 850.)  When the moving party is a defendant, it must show that one of the required elements of the plaintiff's cause of action cannot be established, or that there is a complete defense to that cause of action.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar,* at p. 850.)  If the defendant meets its "initial burden of production" by making a prima facie showing of "the nonexistence of any triable issue," the burden of production shifts to the opposing party to show the

existence of a triable issue of material fact. (*Aguilar,* at p. 850; accord, Code Civ. Proc., § 437c, subd. (p)(2).)

In reviewing the trial court's ruling independently, "we apply the same three-step analysis used by the trial court. First, we identify the issues framed by the pleadings. Second, we determine whether the moving party has established facts justifying judgment in its favor. Finally, in most cases, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable issue of material fact." (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 874.) We view the evidence in a light favorable to the losing party, liberally construing their evidentiary submission while strictly scrutinizing the moving party's showing. We resolve any evidentiary doubts or ambiguities in the losing party's favor. (*Id.* at p. 876.)

"Summary judgment will be upheld when, viewed in such a light, the evidentiary submissions conclusively negate a necessary element of plaintiff's cause of action, *or* show that *under no hypothesis* is there a material issue of fact requiring the process of a trial, thus defendant is entitled to judgment as a matter of law." (*Thompson v. Sacramento City Unified School Dist.* (2003) 107 Cal.App.4th 1352, 1360-1361, italics added.)

California's tort of negligent entrustment " 'recognizes the liability of an automobile owner who has entrusted a car to an incompetent, reckless, or inexperienced driver.' " (*McKenna v. Beesley* (2021) 67 Cal.App.5th 552, 565 (*McKenna*).) " ' "Liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known *or should have been known* by the owner." ' " (*Ghezavat v. Harris* (2019) 40 Cal.App.5th 555, 559, italics added.)

To establish negligent entrustment, the plaintiff must prove all of the following: 1. That the driver was negligent in operating the vehicle; 2. That the defendant owned the vehicle operated by the driver or had possession of the vehicle operated by the driver with the owner's permission; 3. That the defendant owner knew, or should have known, that the entrusted driver was incompetent or unfit to drive the vehicle; 4. That the defendant permitted the driver to drive the vehicle; and 5. That the driver's incompetence or unfitness to drive was a substantial factor in causing harm to the plaintiff. (CACI No. 724.)

"[O]rdinarily it is for the jury to determine whether the owner has exercised the required degree of care." (*Allen v. Toledo* (1980) 109 Cal.App.3d 415, 421.) However, the existence or nonexistence of a negligence-based duty may be determined, in appropriate cases, as a matter of law on summary judgment. (*Osborn v. Hertz Corp.* (1988) 205 Cal.App.3d 703, 712-713.)

**2.**

We agree with Montezpalos that this is not such a case. Star Rooter did not satisfy its initial burden of demonstrating Montezpalos's negligent entrustment cause of action lacks merit because, in challenging the third element above, it failed to show that she could not establish its constructive knowledge of Gutierrez's incompetence or unfitness to drive. (See CACI No. 724; *Aguilar, supra,* 25 Cal.4th at p. 850.) Accordingly, the trial court's order granting summary judgment must be reversed.

In its motion, Star Rooter argued it did not have actual or constructive notice of any problem with Gutierrez's driving, but its evidence to support the motion focused solely on its lack of a*ctual* knowledge that there was anything amiss.

Evidence of actual knowledge (at the time of the entrustment) that a driver is incompetent, inexperienced, or reckless is certainly one way to demonstrate that an owner

6

breached its duty of care. (CACI No. 724; *McKenna, supra*, 67 Cal.App.5th at pp. 565-566.) But Montezpalos is correct that either actual *or constructive knowledge* of a driver's incompetence can be used to prove negligent entrustment. (CACI No. 724; *McKenna,* at pp. 565-566, 574.) Although inexperience alone does not necessarily make a driver incompetent (*White v. Inbound Aviation* (1999) 69 Cal.App.4th 910, 920), lacking a driver's license does. (See *McKenna,* at p. 575 [" '[t]he fact that the driver is unlicensed makes a prima facie case of negligence in allowing him to drive the vehicle' "].)

Section 14606, subdivision (a), prohibits the owner of a motor vehicle from authorizing another to drive "unless that person is licensed for the appropriate class of vehicle to be driven." Section 14604 furthers this prohibition by requiring an owner of a motor vehicle "to make a reasonable effort or inquiry to determine whether the prospective driver possesses a valid driver's license before allowing him or her to operate the owner's vehicle." (§ 14604, subd. (a).)[2] "[S]ection 14604 prohibits an owner of a motor vehicle from knowingly allowing another person to drive its vehicle without first determining that the person possesses a valid and appropriate driver's license." (*Philadelphia Indemnity Ins. Co. v. Montes-Harris* (2006) 40 Cal.4th 151, 161.)

Accordingly, it is undisputed that owners have "a legal duty to make a 'reasonable effort or inquiry,' into a prospective driver's

---

[2] Section 14604, subdivision (a), provides in full: "No owner of a motor vehicle may knowingly allow another person to drive the vehicle upon a highway unless the owner determines that the person possesses a valid driver's license that authorizes the person to operate the vehicle. For the purposes of this section, an owner is required only to make a reasonable effort or inquiry to determine whether the prospective driver possesses a valid driver's license before allowing him or her to operate the owner's vehicle. An owner is not required to inquire of the department whether the prospective driver possesses a valid driver's license."

license status before allowing the prospective driver to operate the owner's vehicle." (§§ 14604, subd. (a), 14606, subd. (a); *McKenna, supra,* 67 Cal.App.5th at p. 572.) The parties also agree that an owner who entrusts a motor vehicle to an *unlicensed* driver without making a reasonable inquiry—thereby committing a misdemeanor violation of section 14604, subdivision (a)—may be held liable for negligent entrustment. (*McKenna,* at pp. 558, 574, 576-577.) Specifically, "a jury may find that an owner who breaches its section 14604 duty *and permits an unlicensed* driver to drive the owner's vehicle had *constructive knowledge* of the driver's incompetence to drive." (*McKenna,* at p. 558, italics added.) Stated another way, " 'constructive knowledge of no license supports constructive knowledge of incompetence.' " (*Id.* at p. 575, fn. 27.)

Star Rooter recognizes the above rules but seeks to preserve the ruling in its favor by distinguishing *McKenna* and suggesting it was Montezpalos's burden to show Gutierrez was unlicensed. It points out (correctly) that, in *McKenna*, the plaintiff presented evidence, in opposition to the defendant's summary judgment motion, that showed *both* that the motor vehicle owner did not inquire about the entrusted driver's license *and* that the driver did not have a valid driver's license. (*McKenna, supra*, 67 Cal.App.5th at pp. 561-562, fns. 10, 13.) *McKenna* went on to conclude that this evidence was sufficient to demonstrate a triable issue of material fact. (*Id.* at pp. 577-578.)

Here, in contrast, there is no evidence one way or the other as to whether Gutierrez had a valid license to drive any class of vehicle at the time Star Rooter loaned him its truck. But that does not mean that the trial court was right that Star Rooter met its burden as the party seeking summary judgment to make a prima facie showing it had no constructive knowledge of Gutierrez's incompetence or unfitness. Nor was it Montezpalos's burden—in order to demonstrate a triable issue of material fact—

8

to present evidence that Gutierrez did not have a valid driver's license.

We agree that it would be Montezpalos's burden to show as much at trial. (See *McKenna, supra*, 67 Cal.App.5th at p. 558.) However, under well-established summary judgment standards, a plaintiff's burden to demonstrate—with evidence—a triable issue of material fact is only triggered once the moving party shows "one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) *McKenna* itself recognized that, in moving for summary judgment, the burden was on the defendant to demonstrate that the plaintiff would be unable to demonstrate the constructive knowledge element of a negligent entrustment cause of action. (*McKenna,* at p. 577 ["a defendant/owner fails to meet its summary adjudication burden of establishing that a plaintiff cannot establish the constructive knowledge element of a negligent entrustment of a motor vehicle claim, where there is evidence from which a jury could reasonably find that an owner of a vehicle breached its section 14604 duty and allowed an unlicensed driver to drive its vehicle"]; *id.* at p. 578.)

We agree with Montezpalos that, as a defendant moving for summary judgment, it was Star Rooter's burden to present evidence that demonstrated that the question of whether it knew or *should have known* of Gutierrez's unfitness to drive was not a question for the trier of fact. Had Star Rooter challenged a constructive knowledge theory as factually unsupported by Montezpalos's discovery responses, the burden might have shifted. (See *Weber v. John Crane, Inc.* (2006) 143 Cal.App.4th 1433, 1439-1441 [factually devoid discovery responses may support inference that plaintiff has no evidence to support claim and shift burden on summary judgment].) Alternatively, Star Rooter could have met its burden by presenting evidence that

9

Gutierrez had—at the time the truck was entrusted—a valid license to drive that class of vehicle.  But because Star Rooter failed to take either approach, it did not carry its burden to show Montezpalos cannot establish constructive knowledge of incompetence and the burden did not shift to Montezpalos.

Because Star Rooter did not satisfy its initial burden to show one of the required elements of negligent entrustment cannot be established, we must reverse the summary judgment without considering the sufficiency of Montezpalos's evidence. (See *Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 939-940, 945 [defendant's summary judgment motion failed to show plaintiff could not prove all theories of liability and thus "the trial court should have held that [the defendant] failed to carry his initial burden and stopped there"]; *Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 840 ["[a] responding plaintiff has no evidentiary burden unless the moving defendant has first met its initial burden"].)

## B.

Montezpalos also argues that the trial court incorrectly determined that her settlement with Gutierrez extinguished her negligent entrustment cause of action.  Neither the record nor the law supports this claim.

The only reasonable construction of the trial court's order is that it ruled a cause of action for statutory ownership liability (§ 17150) was extinguished by the settlement.[3]  (See § 17151, subd. (a) [owner's liability under § 17150 is limited to $15,000 per person in any one accident]; *McKenna, supra*, 67 Cal.App.5th at

---

[3] Section 17150 provides:  "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

p. 563, fn. 14 [although owner's liability under § 17150 is limited to $15,000 per person, "common law cause of action for 'negligent entrustment is an independent tort' that may be brought separately from [the statutory] cause of action"]; *Fremont Comp. Ins. Co. v. Hartnett* (1993) 19 Cal.App.4th 669, 673, 675-676 [$15,000 limit of liability does not apply if the owner of the car was independently negligent]; *Fenley v. Kristoffersen* (1979) 94 Cal.App.3d 139, 141-142 [$15,000 settlement with negligent driver discharged owner's statutory liability under §§ 17150 & 17151].)

Montezpalos does not argue that the trial court's ruling with respect to statutory ownership liability was in error. In fact, she concedes that she was limited to recovering $15,000 on such a statutory cause of action. Any additional argument not raised on appeal was forfeited. (See *Frittelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 41.)

## DISPOSITION

The judgment in favor of Star Rooter is reversed and the matter is remanded to the trial court with directions to enter a new order that denies Star Rooter's motion for summary judgment, denies summary adjudication with respect to Montezpalos's negligent entrustment cause of action, and otherwise grants the motion for summary adjudication. Montezpalos is entitled to her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (3).)

BURNS, J.

WE CONCUR:


JACKSON, P.J.
CHOU, J.

*Montezpalos v. Star Rooter and Plumbing, Inc. (A168052)*

11