[No. B128724. Second Dist., Div. Six. June 13, 2000.]

BARBARA LINDSTROM, Plaintiff and Appellant, v.
THE HERTZ CORPORATION, Defendant and Respondent.

**COUNSEL**

Twitchell and Rice and W. Kenneth Rice for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Paul D. Fogel, Steven J. Boranian; Borton, Petrini & Conron and Rocky K. Copley for Defendant and Respondent.

**OPINION**

**GILBERT, P. J.**—A foreign citizen with a valid driver's license from his country rents a car from a rental agency in California. Shortly thereafter he is involved in an accident in which plaintiff is injured.

The car agency is not liable to plaintiff for negligent entrustment. Its duty of care is limited to determining whether the lessee has a valid driver's license as required by Vehicle Code section 14608. It has no duty to determine the lessee's familiarity with California's traffic rules.

We affirm the judgment of the trial court granting summary adjudication to The Hertz Corporation (Hertz).

FACTS

Appellant Barbara Lindstrom sustained head injuries when she was thrown from the back of a motorcycle which collided with a rented car driven by Matthew France.

France is from England. Hertz, through its LAX (Los Angeles International Airport) office, rented France a car after he displayed a valid British driver's license and the rental agent verified his signature.

Approximately a week after he rented the car, France was driving northbound on U.S. Highway 1 near Santa Barbara. He slowed his car to make a U-turn, at a point where Highway 1 is a two-lane road divided by a raised concrete barrier and a double set of solid yellow parallel lines. France slowed his car to make the U-turn at a break in the concrete barrier which provides access to the southbound lanes. France was followed by a mobilehome and the motorcycle on which Lindstrom was riding. The mobilehome avoided France's car by swerving to the right edge of the road. The motorcycle riders were not so fortunate. Before France could make the U-turn, the motorcycle hit his car. The accident occurred when the motorcycle was attempting to pass the mobilehome in a no passing zone. The motorcycle's driver said he did not see France's car soon enough to avoid the collision because the mobilehome had obstructed his vision.

Lindstrom asserts Hertz breached a duty of care to her because it did not provide France with a copy of the California rules of the road before allowing him to rent a vehicle. She argues that if Hertz had done so, France would not have attempted the allegedly illegal U-turn, and the accident would not have happened.

The trial court granted Hertz's motion for summary adjudication of issues on the ground that Hertz fulfilled its legal duty by determining that France had a valid driver's license per Vehicle Code section 14608.[1]

---

[1]All statutory references are to the Vehicle Code.

## DISCUSSION

■ The standard of review of a grant of summary adjudication of issues is the same as that applied to summary judgments. (*Tilley v. Schulte* (1999) 70 Cal.App.4th 79, 82 [82 Cal.Rptr.2d 497].) Because Hertz obtained summary adjudication in its favor, we review the record de novo to determine whether Hertz has conclusively negated a necessary element of the appellant's case or demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial. (*Sharon P. v. Arman, Ltd.* (1999) 21 Cal.4th 1181, 1188 [91 Cal.Rptr.2d 35, 989 P.2d 121].)

### Negligent Entrustment

■ A rental car company may be held liable for negligently entrusting one of its cars to a customer. (*Osborn v. Hertz Corp.* (1988) 205 Cal.App.3d 703, 707 [252 Cal.Rptr. 613].) " 'It is generally recognized that one who places or entrusts his [or her] motor vehicle in the hands of one whom he [or she] knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver, provided the plaintiff can establish that the injury complained of was proximately caused by the driver's disqualification, incompetency, inexperience or recklessness . . . .' " (*Id.* at p. 708.) "The cause of action parallels that at common law for negligent entrustment, resting on a demonstration of knowing entrustment to an incompetent or dangerous driver with actual or constructive knowledge of his incompetence." (*Dodge Center v. Superior Court* (1988) 199 Cal.App.3d 332, 338 [244 Cal.Rptr. 789].)

Liability for negligent entrustment amounts to a determination whether a duty exists to anticipate and guard against the negligence of others. (*Dodge Center v. Superior Court, supra,* 199 Cal.App.3d at p. 338.) To prevail, Lindstrom must show that Hertz owed her a legal duty, that it breached that duty, and the breach was a proximate cause of her injuries. (*Sharon P. v. Arman, Ltd., supra,* 21 Cal.4th at p. 1188.)

### Duty

■ Whether a legal duty is present in a particular case is a question of law for the court. (*Artiglio v. Corning, Inc.* (1998) 18 Cal.4th 604 [76 Cal.Rptr.2d 479, 957 P.2d 1313].) If defendant has no legal duty to the person injured, the injury is *damnum absque injuria*—injury without a wrong. (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 280 [253 Cal.Rptr. 97, 763 P.2d 948].)

 Rental car agencies are required by state law to determine whether a potential customer possesses a valid driver's license from the jurisdiction where he resides. (§ 14608, subds. (a) & (b).)[2]

In addition to its statutory duty, a rental car company has a duty not to rent a car to a person who appears to be mentally or physically impaired or shows other signs of incompetence at the time the vehicle is rented. (*Osborn v. Hertz Corp., supra,* 205 Cal.App.3d at p. 709.)

Lindstrom argues that Hertz had a further duty to determine whether France was familiar with California's rules of the road, or at least to supply him with a copy of those rules. This is based on the premise that foreign drivers are more likely than domestic drivers to have accidents.

 " 'In order to limit the otherwise potentially infinite liability which would follow every negligent act, the law of torts holds [a] defendant amenable only for injuries to others which to defendant at the time were reasonably foreseeable. [¶] In the absence of "overriding policy considerations . . . foreseeability of risk [is] of . . . primary importance in establishing the element of duty." [Citations.] . . . "[T]he risk reasonably to be perceived defines the duty to be obeyed." [Citation.]' " (*Ebarb v. Woodbridge Park Assn.* (1985) 164 Cal.App.3d 781, 787 [210 Cal.Rptr. 751].) " '[F]oreseeability, when analyzed to determine the existence or scope of a duty, is a question of law to be decided by the court.' " (*Sharon P. v. Arman, Ltd., supra,* 21 Cal.4th at p. 1188.)

 The facts known to Hertz at the time it rented the vehicle to France determine whether reasonable foreseeability existed. In *Osborn v. Hertz Corp., supra,* 205 Cal.App.3d 703, the question was whether Hertz could be held liable for injuries caused by a drunk driver who had rented a car while sober. Appellant contended that Hertz negligently entrusted the car to the driver even though he was sober and presented a valid driver's license when he rented the car. Appellant asserted that Hertz was negligent for failing to investigate further the driver's qualifications to drive. Appellant argued, among other things, that had Hertz conducted such an investigation, it would have discovered that the driver had been twice convicted of drunk driving and that his driver's license had been suspended for six months as a consequence.

---

[2]Section 14608 provides in part: "No person shall rent a motor vehicle to another unless: [¶] (a) The person to whom the vehicle is rented is licensed under this code or is a nonresident who is licensed under the laws of the state or country of his or her residence. [¶] (b) The person renting to another person has inspected the driver's license of the person to whom the vehicle is to be rented and compared the signature thereon with the signature of that person written in his or her presence."

The court concluded that Hertz was not negligent as a matter of law and affirmed the trial court's grant of summary judgment. The court held Hertz had no duty to interrogate the driver before renting a car to him because, at the time he rented the car, he gave no indication that he was unfit to drive.

Similarly, there is no evidence here that Hertz knew or should have known that France was an incompetent driver or that Hertz had knowledge of any circumstances that would put it on notice that France was an incompetent driver. He possessed a valid driver's license and met the qualifications set forth in section 14608. At the time France rented the car, he showed no signs of mental or physical impairment. (See *Richards v. Stanley* (1954) 43 Cal.2d 60, 63 [271 P.2d 23] [car owner owes no duty not to entrust car to third party in absence of facts giving owner notice that third person is "incompetent to handle it"]; *Krawitz v. Rusch* (1989) 209 Cal.App.3d 957, 966-967 [257 Cal.Rptr. 610] [negligent entrustment requires knowledge that driver is incompetent or knowledge of circumstances indicating that fact].)

Lindstrom distinguishes these cases by relying on a single colloquialism in *Osborn,* where the court said the driver gave Hertz "no clue" that he was then unfit to drive. (*Osborn v. Hertz Corp, supra,* 205 Cal.App.3d at p. 710.) Lindstrom contends that Hertz had a "BIG clue" in this case. Lindstrom relies on statistical evidence that foreign drivers are four times more likely than domestic drivers to be involved in serious automobile accidents. From this, Lindstrom wishes us to infer that France's inexperience with California traffic laws equates with bad driving habits. Inexperience alone, however, does not necessarily indicate incompetency. (*Krawitz v. Rusch, supra,* 209 Cal.App.3d at p. 966.)

Moreover, we agree with cases from sister states that it is error for a court to assume that all foreign nationals are less than competent drivers. (See, e.g., *Nielson v. Ono* (D. Hawaii 1990) 750 F.Supp. 439, 440-442 [argument that a Japanese driver posed a greater risk because she spoke little English and was presumably unfamiliar with local traffic laws rejected by the court]; *Eskew v. Young* (S.D.Ill. 1998) 992 F.Supp. 1049, 1054 [rental company owed no duty to teach licensed British driver rules of the road, because without actual knowledge of a foreign citizen's lack of driving competency, rental car companies cannot be held liable for negligent entrustment]; *Krupp v. Pan Air Corp.* (La.Ct.App. 1966) 183 So.2d 403, 407 [negligence of a Brazilian driver who held a valid Brazilian driver's license and who suffered from no mental or physical infirmities could not be imputed to rental agency even though it knew he was a foreign citizen].)

It is for the Legislature, not the courts, to determine whether tort liability should be based on an individual's membership in a class. (See, e.g.,

*Bojorquez v. House of Toys, Inc.* (1976) 62 Cal.App.3d 930, 933 [133 Cal.Rptr. 483, 95 A.L.R.3d 386] [knowledge that the user of a chattel belongs to a high risk class does not make the supplier of the chattel liable for negligent entrustment].)

### Proximate Cause

Duty aside, negligence actions also require the injured party to show that defendant's conduct was a proximate cause of her injury. Proximate cause exists where a hazardous condition or a violation of statute is a substantial factor in causing the injury; that is, there is reason to believe that the absence of the condition or compliance with the statute would have prevented or lessened the likelihood of injury. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466 [76 Cal.Rptr.2d 457].)

It is pure speculation whether France would have acted differently and not have attempted the U-turn had he been provided the rules of the road by Hertz. This assumes he would have read the rules and remembered them. In his declaration, France said he assumed U-turns were legal because he had witnessed many drivers making them in the short time he had been in California.

### Right to Jury Trial

Lindstrom contends she is entitled to have a jury determine whether Hertz is liable for negligent entrustment. She relies on language in *White v. Inbound Aviation* (1999) 69 Cal.App.4th 910, 920-921 [82 Cal.Rptr.2d 71], where the court states that, in negligent entrustment cases, " 'Liability for negligent entrustment is determined by applying general principles of negligence, and ordinarily it is for the jury to determine whether the owner [or other entruster] has exercised the required degree of care.' [Citation.] . . . It is necessarily a question for the jury whether a prudent person, aware of the facts known to the supplier of the instrumentality, would have permitted the individual to operate the instrumentality."

Lindstrom's reliance on this language is misplaced. First, the language she omits from the quote is critical to an understanding of the circumstances to which the rule applies. The missing language is: " 'In its simplest form the question is whether the owner [or other supplier] when he permits an incompetent or reckless person, whom he knows to be incompetent or reckless, to take and operate his car [or any other instrumentality], acts as an ordinarily prudent person would be expected to act under the circumstances.' [Citation.] California courts have long held that inexperience *alone* does not

*necessarily* establish incompetency." (*White v. Inbound Aviation, supra,* 69 Cal.App.4th at p. 920, italics in original, fn. omitted.) The court explained that the test applies where "a supplier of a chattel *is aware of facts* which establish that an individual lacks the ability to safely use the chattel for a particular purpose . . . ." (*Id.* at p. 921, italics added.) In this case there was no evidence that Hertz was aware of facts establishing that France lacked the ability to safely drive the automobile. (*Krawitz v. Rusch, supra,* 209 Cal.App.3d at p. 966.)

■ Osborn correctly sets forth the law applicable to this case: " 'In general, the issue of a defendant's negligence presents a question of fact for the jury. [Citations.] A defendant's negligence may be determined as a matter of law only if reasonable jurors following the law could draw only one conclusion from the evidence presented. [Citation.]' . . . However, in an appropriate case, a defendant's lack of negligence may be determined as a matter of law. [Citation.] This is such a case. Defendant was not negligent for entrusting a car to a person lawfully qualified and apparently fit to rent and drive it." (*Osborn v. Hertz Corp., supra,* 205 Cal.App.3d at pp. 712-713.)

CONCLUSION

■ Duty is a question of public policy. (*Fitzpatrick v. Hayes* (1997) 57 Cal.App.4th 916, 920 [67 Cal.Rptr.2d 445].) Public policy is defined by the Legislature, not the courts. (*Osborn v. Hertz Corp., supra,* 205 Cal.App.3d at p. 711.)

We sympathize with Lindstrom. The trial court, however, correctly ruled that Hertz did not owe or breach a duty of care to her. The judgment is affirmed. Costs are awarded to Hertz on appeal.

Yegan, J., and Coffee, J., concurred.

A petition for a rehearing was denied July 11, 2000, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 30, 2000.