Filed 12/27/13  Aguilar v. Fed Ex Corporation CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BENJAMIN AGUILAR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FED EX CORPORATION et al.,<br><br>    Defendants and Respondents. | B245197<br><br>(Los Angeles County<br>Super. Ct. No. VC058856) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul Anthony Sahagun and Margaret Miller Bernal, Judges.  Affirmed.

Law Offices of Ramin R. Younessi and Gabriel J. Pimentel for Plaintiff and Appellant.

Law Offices of John Gardner Hayes, John Gardner Hayes and Justin T. Lowtrip for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff, Benjamin Aguilar, appeals from an order granting summary judgment in favor of defendants, FedEx Ground Package Systems, Incorporated (FedEx) and Castro Express Delivery, Incorporated (Castro Express). Plaintiff alleged defendants were negligent for entrusting a van to an individual who caused plaintiff's injury and asserted a statutory grounds liability. Defendants moved for summary judgment. Defendants argued they were not the registered owners of the van and thus not liable under Vehicle Code section 17150. And defendants argued plaintiff failed to raise a triable issue indicating they were aware the individual was incompetent to operate the van. The trial court granted the motion and issued judgment in favor of defendants. Plaintiff argues triable issues exist because registered ownership was not necessary for liability under Vehicle Code section 17150 and it was foreseeable he could be injured. We affirm the judgment.

# II. BACKGROUND

## A. Plaintiff's Complaint

Plaintiff filed his complaint on June 1, 2011. Plaintiff alleges the following. He was a worker at a car wash in Bell, California. On June 1, 2009, Gerard Sanchez, another worker, operated a 2007 FedEx Cargo van for purposes of moving it. Mr. Sanchez was given permission to operate the van by defendants. Mr. Sanchez drove the van and collided with plaintiff, causing serious injury. Plaintiff alleges causes of action for statutory liability under Vehicle Code section17150 and negligence.

2

## B. Summary Judgment Motion

On July 20, 2012, defendants filed their summary judgment motion. Defendants asserted they were not liable under Vehicle Code section 17150 or general negligence. Defendants argued they were not owners of the van and were not operating it when the incident occurred. Defendants argued the car wash entered into an agreement to wash their vehicles. Defendants argued the car wash held itself out to the public as a business that will safely operate vehicles while cleaning them. Defendants argued operation of the van required only a class C driver's license and no special instructions or training.

On September 20, 2012, plaintiff filed his opposition. Plaintiff argued ownership is not limited to the legal owner, but to persons exercising dominion over the vehicle. Plaintiff asserted the car wash employees were too inexperienced to operate the van and special training was required to back it up.

On September 28, 2012, defendants filed their reply. Defendants argued a violation of Vehicle Code section 17150 applied only to a registered owner, which defendants are not. Defendants asserted plaintiff failed to establish defendants had actual or constructive knowledge that Mr. Sanchez was incompetent to drive the van at the time of entrustment. Defendants contended plaintiff and other employees at the car wash had driven similar vans for six months prior without incident. Defendants argued Mr. Sanchez caused the accident because his foot had slipped causing him to back into plaintiff, which no training would have prevented.

## C. Undisputed Facts

On June 1, 2009, plaintiff, aged 53, was working at Shine and Smoothe car wash located in Bell, California. Adolfo Castro was an employee of Castro Express and drove one of the company vans to the car wash. Castro Express was an independent contractor

of FedEx. FedEx contracted with independent contractors to drive and deliver its packages.

Six months prior to the incident, FedEx entered into an oral agreement with the car wash to clean the vans of its independent contractors including Castro Express. A the time of the incident, at least 63 drivers and vans were washed once a week at the car wash. The same van was cleaned at least 1,500 occasions prior to the incident. Plaintiff estimated 10 to 15 vans labeled FedEx would come to the car wash weekly.

Prior to the incident, Mr. Castro had personally taken the FedEx van to the car wash 10 to 12 times over a 3-month period. The FedEx van was a 2007 Freightliner. On June 1, 2009, Mr. Castro drove the van to the car wash. When he pulled up, Mr. Castro drove in and was instructed to park in one of the three stalls used to clean vehicles. Mr. Castro backed the van into the stall as instructed, parked and handed the keys to a car wash employee. He took a seat in the waiting room area.

The incident involving plaintiff occurred at approximately 1:30 to 2:00 p.m. Plaintiff was cleaning another FedEx van when Mr. Castro arrived at the car wash. Mr. Castro was instructed to park next to the van plaintiff was cleaning. Mr. Castro's van sat for five minutes while plaintiff finished cleaning the other van. After finishing the van he was working on, plaintiff drove it out of the stall it was parked in towards the front of the car wash. He parked it and returned to clean Mr. Castro's van. Plaintiff was the only one cleaning Mr. Castro's van before the accident occurred.

As plaintiff was cleaning the rear of the van, he turned towards the wall to place a hose back into its holder. When plaintiff heard the engine start, he turned back around, but the van already had moved backwards and hit him, pushing him against the wall. Plaintiff did not see anyone get into the van before the engine started. After contact with the van, plaintiff was pinned against the wall and yelled for help. It took a few minutes for someone to move the truck away from the wall to release plaintiff. After the incident, Mr. Sanchez said that he was driving the van when his foot slipped on the pedal causing the incident. Mr. Sanchez was plaintiff's supervisor.

4

FedEx does not own or lease the van that was involved in the incident. Castro Express and Mr. Castro were not the registered owners of the van; Ms. Gardenia Castro was. Ms. Castro was not present the day of the incident and did not give Mr. Sanchez permission to operate the van. The van was an automatic transmission, 2-axle vehicle weighing 15,000 pounds.

The van requires only a class C license to operate in California. It does not require any other special licensing to operate. The California Department of Motor Vehicles allows a person with a class C license to operate a vehicle with a gross weight of 26,000 pounds and 2 axles. The van is equipped with an automatic transmission requiring the operator to turn on the ignition and engage the transmission in either park, reverse, neutral, or drive. The van has both passenger and drivers' side mirrors and has a backup camera. The camera is placed on the rear of the van to assist operators while they are backing up. The backup camera has a monitor located next to the rear view mirror which automatically turns on when the van's engine starts. The backup camera allows the van operator to see everything that is behind the van for approximately 6 to 8 feet.

As a result of the incident, plaintiff suffered a number of injuries to his person, including multiple leg fractures. Plaintiff continued to receive medical treatment as part of his workers compensation package provided by his employer. Plaintiff is seeking to recover from a third party for a work place accident caused by his employer.

## D. Additional Facts

Defendants contend the van is operated the same way any other class C vehicle. Mr. Sanchez and plaintiff had personally moved FedEx vans in and out of the car wash stalls. Plaintiff did not know anyone who had difficulty operating the FedEx vans when he worked at the car wash.

Plaintiff contends the following. FedEx drivers receive additional training, including: honking the horn before driving in reverse; taking a road test prior to driving for FedEx; and using the rear-view camera when driving in reverse. Plaintiff also

5

submitted a declaration from V. Paul Herbert, a commercial motor vehicle safety and compliance consultant. Mr. Herbert found defendants did not provide sufficient instruction, including: appropriate and proper usage of mirrors and other visibility enhancing devices such as backup cameras and monitoring systems; proper signaling methods such as honking of the horn; and proper usage of procedures prior to backing up, such as get-out-and-look. He concluded the lack of instruction fell below the industry standard of care.

## E. Trial Court's Order

Concurrently filed with their reply, defendants filed written objections to Mr. Herbert's declaration. Defendants argued Mr. Herbert provided an improper legal opinion because it lacked foundation and was speculative because he never inspected the van.

On October 4, 2012, the trial court held the summary judgment hearing. The trial court ruled Mr. Herbert did not establish his expertise with the van in question. The trial court granted defendants' summary judgment motion as to all claims. Plaintiff subsequently appealed.

## III. DISCUSSION

### A. Overview

In *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851, our Supreme Court described a party's burden on summary judgment motions as follows: "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon. [Citation.]

There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. . . .  [¶]  [T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. . . .  A prima facie showing is one that is sufficient to support the position of the party in question.  [Citation.]"  (Fns. omitted; see *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 877-878.)

We review an order granting summary judgment de novo.  (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336; *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67-68.)  The trial court's stated reasons for granting summary judgment are not binding because we review its ruling not its rationale.  (*Coral Construction, Inc. v. City and County of San Francisco*, *supra*, 50 Cal.4th at p. 336; *Continental Ins. Co. v. Columbus Line, Inc.* (2003) 107 Cal.App.4th 1190, 1196.)  In addition, a summary judgment motion is directed to the issues framed by the pleadings.  (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1252; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, overruled on a different point in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5.)  These are the only issues a motion for summary judgment must address.  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249-1250; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364.)  As to the objections to Mr. Herbert's declaration, they are reviewed for an abuse of discretion.  (*Barker v. Hennessy Industries, Inc.* (2012) 206 Cal.App.4th 140, 146-147; *Shugart v. Regents of University of Cal.* (2011) 199 Cal.App.4th 499, 505.)

## B. Vehicle Code Section 17150

Vehicle Code section 17150 provides, "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner." Our colleagues in Division One of this appellate district have held, "General liability under section 17150 is imputed only to the registered owner." (*Campbell v. Security Pacific National Bank* (1976) 62 Cal.App.3d 379, 385; see *Savnik v. Hall* (1999) 74 Cal.App.4th 733, 741 [same].) It is undisputed defendants were not the registered owners of the van which caused plaintiff's injury. Accordingly, defendants are not liable under Vehicle Code section 17150.

## C. Negligent Entrustment

At the outset, we address the ruling striking portions of Mr. Herbert's declaration. As noted, we review the trial court's order for an abuse of discretion. (*Barker v. Hennessy Industries, Inc.*, *supra*, 206 Cal.App.4th at pp. 146-147; *Shugart v. Regents of University of Cal.*, *supra*, 199 Cal.App.4th at p. 505.) No abuse of discretion occurred. Mr. Herbert never inspected the van at issue. Nor did Mr. Herbert testify to any knowledge of vans in particular. Rather, the trial court reasonably could have concluded Mr. Herbert's conclusory declaration was based on his generalized experience in the trucking industry. And the trial court could have reasonably ruled Mr. Herbert's opinions were not supported by sufficient foundation.

As to negligent entrustment, our colleagues in Division Four of this appellate district have held: """It is generally recognized that one who places or entrusts his [or her] motor vehicle in the hands of one whom he [or she] knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver, provided the plaintiff

8

can establish that the injury complained of was proximately caused by the driver's disqualification, incompetency, inexperience or recklessness.'" [Citation.]" (*Flores v. Enterprise Rent-A-Car Co.* (2010) 188 Cal.App.4th 1055, 1063 quoting *Osborn v. Hertz Corp.* (1988) 205 Cal.App.3d 703, 708.) Our colleagues in the Sixth Appellate District have held: "'Liability for negligent entrustment is determined by applying general principles of negligence, and ordinarily it is for the jury to determine whether the owner [or other entruster] has exercised the required degree of care.' [Citation.] . . . 'In its simplest form the question is whether the owner [or other supplier] when he permits an incompetent or reckless person, whom he knows to be incompetent or reckless, to take and operate his car [or any other instrumentality], acts as an ordinarily prudent person would be expected to act under the circumstances.' [Fn. omitted.] [Citation.]" (*White v. Inbound Aviation* (1999) 69 Cal.App.4th 910, 920.)

Defendants presented evidence they were unaware Mr. Sanchez was too incompetent or inexperienced to drive the van. The car wash and defendants had an oral agreement to clean the vans. The same van was cleaned at least 1,500 occasions prior to the incident. Prior to the accident, the car wash employees operated the vans without incident. Only a Class C driver's license was necessary to operate the van. Mr. Castro had personally driven the van to the car wash 10 to 12 times for cleaning prior to the incident. On the day of the incident, Mr. Castro backed the van into the stall as instructed, parked, handed the keys to an employee and sat in the waiting area. Mr. Castro was not driving the van when plaintiff was injured.

Defendants have presented sufficient evidence to meet their burden of production. Based on defendants' evidence, they lacked knowledge that Mr. Sanchez or any other car wash employee was too incompetent to operate the van. The burden shifted to plaintiff to present evidence which raises a triable issue of material fact. Where the opposition only presents speculation in lieu of specific facts, summary judgment should be entered if the burden of production has shifted. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 490; *Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 11.)

9

Plaintiff contends defendants should have known Mr. Sanchez might use the van in a manner involving an unreasonable risk of harm to others. Plaintiff first cites to Mr. Castro's deposition. Mr. Castro stated: FedEx drivers undergo special training, including a road test, prior to driving for it; drivers are taught to honk their horn when backing up; drivers are also to use the camera installed in the van for backing up. Plaintiff also argues Mr. Herbert's declaration raises a triable issue of material fact. Mr. Herbert concluded this accident would not have occurred if Mr. Sanchez had received industry standard training in how to operate the van, including: teaching drivers to honk their horns, utilizing the backup camera monitoring system; and looking behind the vehicle before operating it. Plaintiff finally asserts he never received any training on how to operate the van, nor did he witness any other car wash employee receive training.

To prevail, a plaintiff must show that defendants: owed him a legal duty; then breached that duty; and the breach was the proximate cause of his injuries. (*Sharon P. v. Arman, Ltd.* (1999) 21 Cal.4th 1181, 1188, overruled on a different point in *Reid v. Google, Inc.*, *supra*, 50 Cal.4th at p. 527, fn. 5; *Lindstrom v. Hertz Corp.* (2000) 81 Cal.App.4th 644, 648 (*Lindstrom*).) Our colleagues in Division Six of this appellate district have held: "Whether a legal duty is present in a particular case is a question of law for the court. [Citation.] [¶] . . . [¶] "'In order to limit the otherwise potentially infinite liability which would follow every negligent act, the law of torts holds [a] defendant amenable only for injuries to others which to defendant at the time were reasonably foreseeable. [¶] In the absence of 'overriding policy considerations . . . foreseeability of risk [is] of . . . primary importance in establishing the element of duty.' [Citations.] . . . '[T]he risk reasonably to be perceived defines the duty to be obeyed.' [Citation.]"' [Citation.] "'[F]oreseeability, when analyzed to determine the existence or scope of a duty, is a question of law to be decided by the court."' [Citation.]" (*Id.* at pp. 648-649; *Ebarb v. Woodbridge Park Assn.* (1985) 164 Cal.App.3d 781, 787.)

Here, it was not reasonably foreseeable that a worker at the car wash would cause the accident injuring plaintiff. The undisputed facts indicate this particular van had been cleaned at the car wash 1,500 times without incident. Prior to the accident, the car wash

10

employees had operated these vans, moving them in and out of the car wash stalls, without issue. The only legal requirement to operate the van is a class C driver's license. There were no facts presented to suggest defendants should have known Mr. Sanchez or any car wash employee was too inexperienced or incompetent to operate the van.

*Lindstrom*, *supra*, at pages 647-52 is instructive. In *Lindstrom*, the plaintiff sustained head injuries when she was thrown from her motorcycle after colliding with a rental car driven by a foreign citizen. (*Id*. at p. 647.) The foreign citizen rented the car from the car rental agency after displaying a valid British driver's license and the rental agency verifying his signature. (*Ibid*.) The plaintiff asserted the car rental agency breached its duty of care to her because the renter was not provided with a copy of the California rules of the road. (*Ibid*.) The trial court granted the rental agency's summary adjudication motion, finding it had fulfilled its duty of care. (*Ibid*.)

Our Division Six colleagues affirmed the summary judgment. (*Lindstrom*, *supra*, 81 Cal.App.4th at p. 647.) The appellate court concluded the facts known by the rental agency employees at the time it rented the car to the negligent driver determined whether reasonable foreseeability existed. (*Id.* at p. 649.) The appellate court found the rental agency had no duty to interrogate the driver because at the time he rented the car, he gave no indication he was unfit to drive. (*Id.* at p. 650.) At the time he rented the car, the driver possessed a valid license and showed no signs of physical or mental impairment. (*Ibid*.) Here, defendants likewise had no prior indication any car wash employee was unfit to operate the van. As stated previously, car wash employees cleaned the van over 1,500 times prior to the accident. No car wash employee had indicated difficulty operating the van.

Our Division Six colleagues set forth the applicable law: "'"In general, the issue of a defendant's negligence presents a question of fact for the jury. [Citations.] A defendant's negligence may be determined as a matter of law only if reasonable jurors following the law could draw only one conclusion from the evidence presented. [Citation.]" . . . However, in an appropriate case, a defendant's lack of negligence may be determined as a matter of law. [Citation.]'" (*Lindstrom*, *supra*, 81 Cal.App.4th at p. 652

11

quoting *Osborn v. Hertz Corp.*, *supra*, 205 Cal.App.3d at pp. 712-713.)  This is such a case.  The trial court did not err by granting defendants' summary judgment motion.  We need not address plaintiff's remaining contentions.

IV.  DISPOSITION

The summary judgment is affirmed.  Defendants, FedEx Ground Package Systems, Incorporated and Castro Express Delivery, Incorporated, are awarded their appeal costs from plaintiff, Benjamin Aguilar.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

O'NEILL, J.[*]

---

[*]     Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.