Filed 4/12/22  Moreles v. Herrera CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MORELES, et al., | D077032 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. ECU09653) |
| ARAM LOO HERRERA, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge.  Affirmed.

Jose Luis Moreles, in pro. per. for Plaintiff and Appellant Jose Luis Moreles.

Plourd and Breeze, John W. Breeze; Mazur & Mazur and Janice R. Mazur for Defendant and Respondent Adalberto Alejandro Loo.

INTRODUCTION

Jose Luis Moreles's father was killed in a traffic collision by a vehicle owned by Adalberto Alejandro Loo and driven by his son, Aram Loo Herrera.

Moreles, along with other family members (collectively, Plaintiffs), sued Loo and Herrera as a result of the accident.[1]

As to Loo, Plaintiffs asserted claims for permissive use and negligent entrustment. In a bifurcated bench trial, the trial court determined that Loo was not liable for negligent entrustment and that any remaining liability under the permissive use cause of action was statutorily limited to $15,000, pursuant to Vehicle Code section 17151.[2] Likely referencing a prior offer to settle the case for that same amount, Loo's counsel stated the parties had "agreed . . . to a figure to settle the permissive use cause of action." On October 18, 2019, the court entered a written judgment finding in favor of Loo on the negligent entrustment cause of action and noting the parties "have agreed [to] a monetary figure to settle the [permissive use] cause of action," and would "prepare the appropriate documentation." The parties submitted a stipulation in November 2019 indicating Loo had agreed to pay the $15,000, "in full satisfaction as to his liability."

Moreles appeals from the October 18, 2019 judgment. In written correspondence to the parties, this court noted the October 18, 2019 judgment appeared to be interlocutory in nature because it did not fully resolve the permissive use cause of action, and directed the parties to address the issue of appealability in their briefing. On appeal, Moreles asserts there was insufficient evidence to support the trial court's finding in favor of Loo on the

---

[1]    Herrera filed an answer to the complaint but subsequently left the state, stopped responding to discovery, and did not appear at trial. Moreles does not raise any issues specific to Herrera in the present appeal, and Herrera has not filed a responsive brief. Our decision is limited to the issues raised by Moreles in connection with the judgment entered against Loo.

[2]    All further statutory references are to the Vehicle Code unless indicated otherwise.

2

negligent entrustment cause of action and that he never agreed to a settlement on the permissive use cause of action. He does not directly address whether the October 18, 2019 judgment is final or appealable. Loo requests that we take judicial notice of certain post-judgment proceedings and deem the judgment final in order to reach the merits of the present appeal.

We grant Loo's request, conclude that Moreles's contentions lack merit, and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Herrera was driving a 2007 Nissan Sentra (the Nissan) owned by his father, Loo, on the evening of February 6, 2015. A pedestrian attempted to cross the street in front of him with a shopping cart, but the closest streetlight was not working, and it was very dark. Loo tried to avoid the shopping cart, but did not see the pedestrian until it was too late. The Nissan struck the pedestrian—later determined to be Moreles's father—causing his death.

Plaintiffs sued Herrera and Loo, and asserted causes of action for permissive use and negligent entrustment against Loo. Loo filed a motion for summary judgment and asserted he had not given Herrera permission to drive the Nissan on the night of the accident. In a declaration, Loo explained that Herrera was living in the family home at the time of the accident, but that he had listed Herrera as an excluded driver on his automobile insurance and had made it clear to Herrera that he was not allowed to drive any of the family vehicles. Loo stated that Herrera did not have keys to any of the cars and that he did not know Herrera was driving the Nissan that evening until he learned of the accident. The trial court found there was a triable issue of

3

fact, based in part on conflicting statements Loo made at deposition, and denied the motion.

Loo then moved to bifurcate the issues of liability and damages. He asserted Plaintiffs could not prove their claim for negligent entrustment for largely the same reasons, and that any award of damages against him for the remaining permissive use cause of action would be statutorily capped at $15,000. The court stated, at the outset of trial, that it would bifurcate the issues of permissive use and negligent entrustment and noted, based on the arguments presented and the evidence it had previously reviewed, "I would think that the permissive user limits would apply." The court then took a recess to give the parties an opportunity to discuss a potential resolution of the claims against Loo. When the parties returned, Plaintiffs' counsel indicated there was an offer to settle the claims against Loo for $15,000, but the parties were unable to reach a resolution.

The case then proceeded to a bifurcated bench trial. Loo testified on his own behalf. He explained that he originally purchased the Nissan for Herrera to drive to college. When Herrera subsequently dropped out of school, Loo removed Herrera from the insurance policy and told Herrera he could no longer drive the car. Loo said he typically left the keys to the Nissan on the kitchen counter, along with the keys to the other family vehicles, but he had no knowledge of Herrera driving the Nissan after he was excluded from the insurance policy. Loo was at work on the evening of the accident and did not know that Herrera had taken the car. Loo had no knowledge of Herrera being involved in a car accident prior to February 2015.

On cross-examination, Loo conceded he originally bought the Nissan for Herrera, and that Herrera had driven it for a number of years before being excluded on the insurance policy. In addition, Loo acknowledged that

4

Herrera's name appeared on the invoice for repairs to the Nissan after the accident, but stated that he paid for the repairs and picked the car up himself. Plaintiffs lodged excerpts from a deposition of Loo taken earlier in the case, and argued his previous statements contradicted his testimony at trial. Plaintiffs did not present any other witnesses.

After considering the testimony and the deposition transcripts, the trial court made the following findings: 1) Herrera was negligent in operating the vehicle on the evening of the accident; but 2) the preponderance of evidence did not establish that Herrera had Loo's permission to drive the vehicle; and 3) there was no evidence establishing Loo knew or should have known Herrera was an incompetent or unfit driver. Based on those findings, the court found "there was no negligent entrustment, and thus Mr. Loo's liability as a result of his ownership of this vehicle is limited by the permissive use statute . . . to a total of $15,000."

After the trial court announced its findings, Loo's counsel stated, "we've agreed, counsel and I, to a figure to settle the permissive use cause of action against Mr. Loo." The court ordered plaintiffs to prepare "the appropriate paperwork."

The trial court entered a written judgment on October 18, 2019. It stated, in relevant part, "[j]udgment . . . is rendered in [Loo's] favor on the cause [of] action for Negligent Entrustment," and, "[t]he Court, having been advised that the parties . . . have agreed to a monetary figure to settle the cause of action under the Permissive Use Statute [(§ 17151)], Plaintiffs' counsel is directed to prepare the appropriate documentation for resolution of the Permissive Use Cause of Action." It also awarded a judgment against Herrera in the amount of $5 million.

5

On November 8, 2019, the parties filed a stipulation and order as to post-judgment actions (the stipulation). The stipulation stated in relevant part, that the court entered judgment as to both Loo and Herrera, "as a result of said ruling the liability, pursuant to California Vehicle Code Section 17151 is limited to $15,000," and that Loo "agrees to pay said amount in full satisfaction as to his liability only." The associated order, signed by the trial court on November 8, 2019, stated, "once payment in the amount of $15,000 is made and the matter is dismissed, then there will be full satisfaction of the Judgment."

On December 17, 2019, Moreles filed a timely notice of appeal from the October 18, 2019 judgment.

## DISCUSSION

## I.

*Appealability*

Before briefing on the appeal was submitted, this court sent a letter to the parties raising concerns regarding the finality of the October 18, 2019 judgment. The court noted "the 'judgment' that is the subject of this appeal appears to be interlocutory in nature, requiring the preparation of 'the appropriate documentation for resolution' of a remaining cause of action. 'A judgment that disposes of fewer than all the causes of action framed by the complaint is not final in the fundamental sense as to any parties between whom another cause of action remains pending.' (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 307 [(*Sullivan*)].)" As the court further explained, "if the plaintiff dismisses the remaining cause of action with prejudice or expressly waives on appeal the right to litigate an unresolved cause of action, the appellate court may either deem the judgment to be final or amend the judgment to reflect a dismissal of that cause of action with prejudice. (*Id.* at

6

pp. 308–309.)" Accordingly, the court asked Moreles to submit a letter explaining why the appeal should not be dismissed and to provide copies of any additional relevant filings or documents demonstrating resolution of the permissive use cause of action. Moreles did not respond, so the court directed the parties to address appealability in their respective briefs.

In his briefing on appeal, Moreles states the appeal is authorized by Code of Civil Procedure section 904, but does not otherwise address the issue raised in the court's letters. Loo, however, asserts this court has discretion to deem the October 18, 2019 judgment final for the purposes of the present appeal. He requests we take judicial notice of certain post-judgment proceedings, in a concurrently filed motion, and asserts this court should reach the merits of Moreles's appeal, in light of those further proceedings and in the interest of justice and judicial efficiency.

Although we do not typically consider proceedings that occurred after the appealed-from judgment or order, it is appropriate to take judicial notice of subsequent proceedings for the specific purpose of avoiding dismissal of an otherwise cognizable appeal that was erroneously, or prematurely, noticed from a non-appealable order. (See, e.g., *Giannuzzi v. State of California* (1993) 17 Cal.App.4th 462, 464, fn. 2 (*Giannuzzi*) [granting request for judicial notice and deeming notice of appeal from order granting demurrer as "commencing a valid appeal from the subsequent judgment"].) We therefore grant Loo's motion and take judicial notice of the post-judgment proceedings. (*Ibid.*; Evid. Code §§ 452, subd. (d) [court may take judicial notice of records of any court of this state], 459 ["reviewing court may take judicial notice of any matter specified in Section 452"].)

7

A.    *Additional Post-Judgment Proceedings*

The additional filings establish that, consistent with the order signed by the trial court on November 8, 2019, Loo provided a check to Plaintiffs' counsel on November 15, 2019, in the amount of $15,000, and requested that Plaintiffs dismiss the case against him with prejudice.  Plaintiffs declined to cash the check or provide the dismissal, and Loo subsequently moved to compel acknowledgement of satisfaction of the judgment.

At a hearing on the motion, Plaintiffs' counsel represented to the trial court that Plaintiffs refused to sign the check and that he could not deposit it without their signatures because it was addressed to them.  He explained that he had "lost control" of his clients, and they had filed the present appeal without his knowledge.  The court proposed that Loo provide a new check made out to Plaintiffs' client trust account so that counsel could deposit the check, for safekeeping, and provide Loo with the requested acknowledgement of satisfaction of the judgment.  Counsel agreed and the court issued an order granting the motion to compel acknowledgement of satisfaction of judgment, on the condition that Loo provide the new check.

On May 15, 2020, Plaintiffs' counsel filed an "Acknowledgment of [Full] Satisfaction of Judgment" as to Loo.

B.    *The October 18, 2019 Judgment May Be Deemed Final*

A judgment that disposes of fewer than all causes of action asserted against a party is not a final, appealable judgment.  (See *Sullivan, supra,* 15 Cal.4th at p. 307.)  However, the appellate court may deem such a judgment final for the purpose of determining appealability if any remaining causes of action are subsequently resolved or dismissed.  (*Id.* at pp. 308–309 [court may deem appeal is from final judgment where, for example, plaintiff dismisses with prejudice or waives the right to litigate any remaining cause of action].)

8

Similarly, where a trial court makes a ruling resolving a cause of action but the ruling is not carried over into the formal judgment, "it is appropriate to preserve the appeal by amending the judgment to reflect the manifest intent of the trial court." (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 289, fn. 1.)

Here, the trial court made an oral ruling at the conclusion of the bench trial that Loo's liability for the only remaining cause of action was statutorily limited to $15,000. It appears that ruling was inadvertently omitted from the October 18, 2019 judgment, but the manifest intent of the court is nevertheless apparent from the record before us. The court's intent is further confirmed by the subsequent stipulation and order signed by the court on November 8, 2019. Finally, the additional post-judgment pleadings establish that Loo submitted payment to Plaintiffs for the full amount of his liability and, thus, the judgment, as intended by the trial court, is now satisfied, as to both causes of action asserted against Loo.

In the interest of justice and efficiency, we therefore deem the October 19, 2019 judgment to be final for the purpose of the present appeal and proceed to address the merits.[3]

---

[3] In addition, we note the acknowledgment of satisfaction of judgment is an independently appealable order. (See *McCall v. Four Star Music Co.* (1996) 51 Cal.App.4th 1394, 1398.) In the alternative, we exercise our discretion to deem the notice of appeal as commencing a valid appeal from the subsequently filed acknowledgment of satisfaction of judgment. (See Cal. Rules of Court, rule 8.104(d); *Giannuzzi, supra,* 17 Cal.App.4th at p. 464, fn. 2 [exercising discretion to treat notice of appeal as commencing a valid appeal from subsequent judgment].)

II.

*The Trial Court Did Not Err by Accepting the Stipulation or*

*Acknowledgement of Satisfaction of Judgment*

Moreles asserts he did not agree to settle the permissive use cause of action and did not authorize his counsel to file the stipulation. He contends the trial court's acceptance of the purported settlement, in the absence of a writing signed by Plaintiffs, violated Code of Civil Procedure section 664.6.

Code of Civil Procedure section 664.6 states, in relevant part, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." In *Levy v. Superior Court* (1995) 10 Cal.4th 578, the California Supreme Court held "the term 'parties' as used in [Code of Civil Procedure] section 664.6 ('If parties to pending litigation stipulate . . . for settlement of the case . . .') means the litigants themselves, and does not include their attorneys of record."[4] (*Id.* at p. 586.)

Here, as Moreles contends, both the stipulation and acknowledgment of satisfaction of judgment were signed by counsel only, and not by the litigants themselves. However, the purported settlement was initially stated orally before the court with Plaintiffs present. But, as we will explain, the record establishes the judgment and the subsequent acknowledgment of satisfaction of the judgment were based on the trial court's rulings, and not on an agreement between the parties to settle the permissive use cause of action.

---

[4]	Code of Civil Procedure section 664.6 was amended while the present appeal was pending to specify the writing may be signed by the party or "[a]n attorney who represents the party." (Code Civ. Proc., § 664.6, as amended by Stats. 2020, ch. 290, § 1, eff. Jan. 1, 2021.)

Therefore, the signatures of the litigants were not required under Code of Civil Procedure section 664.6.

The trial court correctly found that, in the absence of a claim for negligent entrustment, Loo's liability was statutorily capped at $15,000, pursuant to section 17151. "California is one of several states which . . . has supplemented the common law doctrine of negligent entrustment by enactment of a specific consent statute." (*Allen v. Toledo* (1980) 109 Cal.App.3d 415, 420 (*Allen*); see also §§ 17150–17157 [addressing liability of private motor vehicle owners].) "[S]ection 17150 imposes upon the owner of a vehicle, driven by another with the other's permission, monetary liability to an injured party when the injury was the result of the operator's negligence." (*Fenley v. Kristoffersen* (1979) 94 Cal.App.3d 139, 141.) However, section 17151, subdivision (a), limits that liability "to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident." (§ 17151, subd. (a); *Fenley*, at p. 141 ["While expressed in unconditional terms, . . . liability [under section 17150] is limited by section 17151, subdivision (a), to $15,000."].) Here, Plaintiffs asserted a single cause of action for negligent entrustment against Loo based on death or injury to a single person in a single accident. So as the trial court correctly stated, Loo's remaining liability was statutorily capped at $15,000. (§ 17151, subd. (a).)

Earlier that same day, Loo had offered to settle all the claims against him for $15,000. When the court concluded Loo's liability was statutorily capped to that same amount—$15,000—Loo's counsel stated, "we've agreed, counsel and I, to a figure to settle the permissive use cause of action." That same language was then incorporated into the October 18, 2019 judgment. However, as counsel subsequently clarified in the stipulation, Loo's liability was *already* capped at $15,000 as a result of the trial court's rulings.

11

Further, Loo had agreed "to pay [the entire $15,000] amount in full satisfaction as to his liability." Thus, despite the confusion created by counsel's reference to an agreement to settle the claim, Loo had actually agreed to pay the *full* amount of the maximum liability against him. Put another way, Loo agreed to satisfy the judgment entered against him in its entirety. That agreement cannot fairly be characterized as a settlement offer requiring plaintiffs' written acceptance.

Moreover, even if the trial court did err by accepting the stipulation or the acknowledgement of satisfaction of judgment without a writing signed by the litigants as required by Code of Civil Procedure section 664.6, there would be no prejudice. It is undisputed that Loo did in fact submit payment to Plaintiffs for $15,000, the full amount of his potential liability. As such, there was no more favorable result available to Plaintiffs and reversal would not be warranted in any event.[5] (See *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574 ["When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached."].)

### III.

*There Was Sufficient Evidence to Support the Trial Court's Verdict on the*
*Negligent Entrustment Cause of Action*

Moreles also asserts the trial court failed to adequately consider the totality of evidence before entering judgment in favor of Loo on the negligent entrustment cause of action. To the contrary, the trial court explicitly stated

---

[5] Moreles contends "an error is error harmless or not," but does not suggest any way in which Plaintiffs could have received a more favorable result.

that it considered the testimony offered by Loo—the only witness presented at trial—and the additional deposition testimony submitted by Plaintiffs. The court then made several factual findings based on that evidence and concluded Plaintiffs had not proven a claim for negligent entrustment. To the extent Moreles is asserting the trial court's factual findings were not supported by the evidence, we disagree.

We review the trial court's factual findings for substantial evidence. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981; see also *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 ["If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed"]; *Allen, supra,* 109 Cal.App.3d at p. 421 ["Review of the evidence [on appeal] is limited to determining whether the [factual] finding is supported by substantial evidence."].) "Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson,* at p. 981.)

CACI No. 724 outlines the elements of the tort of negligent entrustment of a motor vehicle[6] as follows:

"1. That [*name of driver*] was negligent in operating the vehicle;

"2. That [*name of defendant*] [owned the vehicle operated by [*name of driver*]/had possession of the vehicle operated by [*name of driver*] with the owner's permission];

---

6     Negligent entrustment is based on the common law doctrine that " ' "one who places or entrusts his [or her] motor vehicle in the hands of one whom he [or she] knows, or [should have known], is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver." ' " (*Lindstrom v. Hertz Corp.* (2000) 81 Cal.App.4th 644, 648.)

13

"3. That [*name of defendant*] knew, or should have known, that [*name of driver*] was incompetent or unfit to drive the vehicle;

"4. That [*name of defendant*] permitted [*name of driver*] to drive the vehicle; and

"5. That [*name of driver*]'s incompetence or unfitness to drive was a substantial factor in causing harm to [*name of plaintiff*]." (Boldface omitted.)

The trial court considered each of the elements as set forth in CACI No. 724, and determined the evidence did not establish that Herrera had Loo's permission to drive the vehicle or that Loo knew or should have known that Herrera was an incompetent or unfit driver. The court's findings were supported by substantial evidence. Loo was the only witness at trial. He testified he had removed Herrera from the insurance policy and told Herrera he could no longer drive the car. He also testified that he was at work on the evening of the accident and did not know Herrera had taken the car. Finally, he testified he had no knowledge of Herrera being involved in a car accident prior to February 2015.

Moreles contends there were contradictions between Loo's trial testimony and his previous declaration and deposition testimony. However, Loo explained at least some of those discrepancies, and it was up to the trial court, as the trier of fact, to determine Loo's credibility. On appeal, "[w]e do not reweigh evidence or reassess the credibility of witnesses." (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246; see also *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622 ["Credibility is an issue for the fact finder."].) Moreles further contends that the insurance records Loo submitted in connection with his motion for summary judgment were not sufficient to establish Herrera was an excluded driver at the time of the

14

accident. However, the trial court did not rely on those documents in making its factual findings, and instead relied on Loo's testimony at trial. In any event, the trial court, as the trier of fact, was entitled to assess Loo's credibility and to credit his testimony against any contradictory evidence. (See *Babick,* at p. 1246.)

We therefore conclude there was substantial evidence to support the judgment in favor of Loo on the negligent entrustment cause of action.

## DISPOSITION

The judgment is affirmed. Loo shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.

15